IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

|  |  |  |
|---|---|---|
| RANDY J. SPENCER, | : | Docket No. 1:23-cv-00036-SPB |
| Plaintiff | : |  |
|  | : | *Electronically Filed* |
| v. | : |  |
|  | : |  |
|  | : |  |
| MATT MCSPARREN, BOB BETZOLD, | : |  |
| FRED BUCKHOLTZ, and REGINA | : |  |
| DELOE, ERIC HEIL, and TOWNSHIP | : |  |
| OF CRANBERRY | : | **JURY TRIAL DEMANDED** |
| Defendants | | |

## <u>AMENDED COMPLAINT</u>

NOW COMES the Plaintiff, Randy J. Spencer, by counsel, McNair Law Offices, PLLC and brings this Complaint for the violation of his right under the First Amendment to the United States' Constitution, incorporated through the Fourteenth Amendment, of his right to free speech and his right to Equal Protection of the Laws, respectfully representing:

### I.    Parties:

1.    Plaintiff is Randy J. Spencer, a natural-born citizen of the United States of America. He resides at Cranberry Township, Venango County, Pennsylvania within the Erie Division of the Western District of Pennsylvania.

2.    Cranberry Township, Venango County, Pennsylvania (hereinafter, "the Township") is a political unit under the Second-Class Township Code of the Commonwealth of Pennsylvania. As such, it is governed by a Board of Supervisors who make policy, enact ordinances, and supervise the administration and activities of the

Township. The Board of Supervisors decides whether the Township will initiate legal action.

3.      Defendant Matt McSparren (hereinafter, "McSparren") is an adult individual residing at Cranberry Township, Venango County, Pennsylvania within the Erie Division of the Western District of Pennsylvania.  McSparren is an elected Supervisor of the Township and currently acts as the Chairman of the Board of Supervisors of the Township.  As such, Defendant McSparren participates in making policy decisions for the Township, including business and litigation decisions.

4.      Defendant Bob Betzold (hereinafter, "Betzold") is an adult individual residing at Cranberry Township, Venango County, Pennsylvania within the Erie Division of the Western District of Pennsylvania. Betzold is the Vice-Chairman of the Board of Supervisors of the Township.  As such, Defendant Betzold participates in making policy decisions for the Township, including business and litigation decisions.

5.      Defendant Fred Buckholtz (hereinafter, "Buckholtz) is an adult individual residing at Cranberry Township, Venango County, Pennsylvania within the Erie Division of the Western District of Pennsylvania.  Buckholtz is a member of the Board of Supervisors of Cranberry Township.  As such, Buckholtz participates in making policy decisions for the Township, including business and litigation decisions.

6.      Defendant Regina DeLoe is an adult individual employed by Cranberry Township acting as its Zoning and Code Enforcement Officer.  At all times relevant to the matters complained of in this complaint, DeLoe was acting on behalf of the Township under color of state law within the meaning of 42 U.S.C. §1983.

7.      Defendant Eric Heil is an adult individual employed by Cranberry

Township as Township Manager. As such, he acts for the Supervisors and participates in litigation and Code Enforcement decisions of the Township. At all times relevant to the matters complained of in this Complaint, defendant Heil was acting on behalf of the Township under color of state law within the meaning of 42 U.S.C. § 1983.

8.     All of the actions complained of in this Complaint occurred at Cranberry Township, Venango County, Pennsylvania, within the Erie Division of the Western District of Pennsylvania.

## II.    Jurisdiction and Venue:

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that this case arises under the Constitution, laws, or treaties of the United States, specifically 42 U.S.C. §1983.

10.     This Court further has jurisdiction over this matter pursuant to 28 U.S.C.1343, in that some of the claims herein arise under 42 U.S.C. §1985.

11.     Venue of this case is proper in the Western District of Pennsylvania in that Defendants reside in the Western District and are residents of the Commonwealth of Pennsylvania, a substantial part of the events or omissions giving rise to this claim occurred in the Western District of Pennsylvania, and there is no District in which this action may otherwise be brought.

12.     This case is properly on the Erie Division of the Western District of Pennsylvania pursuant to LCvR 3 since the cause of action arose in Venango County.

## III.    Facts:

13.     The Township and Spencer have, for a number of years, been engaged in various litigation concerning Spencer's maintenance of used motor vehicles on his

property. this litigation has been pursued by the Township exclusively against Spencer despite the existence of dozens of other properties in the Township with similar conditions, including a property adjoining the property subject to the injunction. Spencer has for years been singled out for the harshest enforcement of Township ordinances. The Township enacted a "property maintenance" ordinance specifically targeted against Spencer, which it has not enforced against any other Township resident. The Township also enacted a "Nuisance Ordinance" targeted specifically against Spencer that was found to be invalid after litigation between Spencer and the Township. Although many cases against Spencer have been dismissed, the litigation has resulted in an ongoing litigation burden the expenditure of attorney's fees, court costs and expenses, caused significant anxiety and deprived Spencer of the enjoyment of the pleasures of life, as well as the assessment of fines against Spencer and a civil judgment of $277,500. Spencer is further subject to an injunction regarding one of his properties, located on Deep Hollow Road in the Township.

14. The injunction resulted from the Township's alleged concerns about flooding, although the Township has taken no action against adjoining properties with similar conditions located in the same floodway as Plaintiff's property, singling out Spencer for enforcement. In the flood event from which the injunction resulted, an adjoining property leaked a significant quantity of oil into the creek traversing the property, Lower Two-Mile Run, and contributed vehicles to the blockage of Deep Hollow Road, but neither the Township nor any other enforcement agency has taken any action on this issue and has permitted the conditions that led to the release of oil and displacement of vehicles to continue. The Township, acting through Defendants, permits others to store junk vehicles in the floodway in violation of its "property

Maintenance" and Zoning ordinances. At the hearing on the injunction, the Township offered as evidence against Spencer photographs of vehicles that were not Spencer's and used them as justification for the entry of the injunction while no action was taken against any of the owners of those vehicles.

15.     Spencer is in the process of remediating the Township's complaints.  He has secured a zoning certificate for property he owns upon which he will establish a licensed junkyard.  Progress in that matter has been delayed because of an ongoing stream of complaints to other administrative authorities by a neighboring property owner.  Once these issues are resolved, Spencer will apply for a junkyard license permitting him to legally store his vehicles. Spencer will then be able to comply with all regulations concerning the establishment and operation of the junkyard.

16.     Several months ago, Spencer placed several vehicles on the Deep Hollow Road property outside of the floodway of Lower Two-Mile Run. The Township was aware of the vehicles' presence shortly after they were placed there and did not protest to Spencer, request their removal, contact Spencer's attorney, or threaten action if they were not moved.

17.     Although the purpose of the injunction is allegedly to prevent vehicles from being washed into the stream crossing the property in case of another historic flood,  Spencer's vehicles are not within the floodway and present no danger although they technically are in violation of the injunction.  The vehicles have been in place for several months with the knowledge and tacit permission of the Township and Defendants.

18.     Spencer and the Township are also engaged in litigation concerning the

Township's failure to control stormwater from the Cranberry Mall, with its expanse of impermeable parking lots, which substantially contributed to the flooding of Spencer's property subject to the Injunction.

19.    The stormwater management issue is being studied by the U.S. Army Corps of Engineers at the request of the Township Supervisors. The Supervisors are seeking a method of flood control that will not require them establishment of retention ponds. Retention ponds were recommended decades ago, when the Cranberry Mall was being built, but the Township failed to require them as part of the stormwater management plan. This has substantially contributed to the flooding of Plaintiff's property on four occasions.

20.    On Thursday, January 26th, a town hall meeting was held concerning proposed plans for stormwater management.  The meeting was organized by the Army Corps of Engineers.  It was attended by the Defendant Supervisors as well as a number of other interested citizens, including Spencer, whose property is directly affected by the failure of the Township properly to manage stormwater.

21.    At the meeting, Spencer spoke, pointing out that the Township already had a study in its possession that reasonably recommended a plan of abatement for the Cranberry Mall stormwater including the establishment of retention ponds.  The Supervisors have not acted on those recommendations.  When Spencer pointed this out, it annoyed and embarrassed the Defendant Supervisors, who decided to punish Spencer for speaking out and embarrassing them at the public meeting by seeking harsh contempt sanctions against Spencer for the vehicles they had long known about and had not complained about. Their intent is not to remedy the condition, which could have been accomplished with a single phone call, but to seek substantial fines against Spencer

and to imprison him.  The Township has never taken similar action against the owners of any of the several dozen similar accumulations of vehicles in the Township.

22.    On February 1, 2023, the Supervisors dispatched Defendant DeLoe to take pictures of the vehicles to use as evidence against Spencer.

23.    On February 3rd, the Township, without prior warning, filed a Petition to hold Spencer in contempt for the alleged violation of the injunction.  The Petition also alleged that Spencer was responsible for vehicles on the adjoining properties of Barbara Ross and Eckells' garage, and vehicles owned by Spencer on property not subject to the injunction. Those properties are not covered by the injunction and the Township and defendants permit ongoing violations. Defendants are aware that Plaintiff is not responsible for the condition of those properties. The Eckells property, directly across the road,  and the Ross property adjoining Spencer's have a higher number of junk vehicles on them. No action has been taken against either property owner for the same violations for which the defendants now seek to punish Plaintiff.

**IV.    Claims for Relief:**

**COUNT I**
**SPENCER v. McSPARREN, BETZOLD, BUCKHOLTZ, HEIL, AND DeLOE –**
**RETALIATION IN VIOLATION OF THE FIRST AMENDMENT PURSUANT TO**
**42 U.S.C. § 1983**

24.    Plaintiff incorporates by reference each preceding averment of this pleading.

25.    The Township, acting through its Supervisors, Manager, and Code Enforcement officer, chose to act to harshly punish Spencer for speaking out at the town hall meeting.

26.    While the Township may have had some grounds to file its Petition, the

filing of the Petition was done in violation of the Township's stated policy to get people to "work with them," and was filed with no warning despite the Township's knowledge of the alleged violation and its failure to act for months.

27.    The contempt Petition would not have been filed had Spencer not spoken out at the town hall meeting.

28.    The filing of the Petition was intended to punish Spencer for speaking rather than to vindicate any interest of the Township. If the concern was the presence of vehicles in the floodway, it would have taken similar action against the adjoining property owners who are just as much in violation.

29.    The actions of the Defendants in abusing their authority specifically to punish and sanction Spencer were undertaken maliciously, prompted by ill will and spite toward Spencer, and were motivated by a conscious desire to retaliate against and punish Spencer for exercising his federally protected right to publicly speak and criticize Defendants.

30.    Defendants were aware of the unlawful nature of their act at the time they undertook it.  The actions of the Defendants were wanton, in that they were undertaken recklessly and with callous disregard for the Plaintiff's rights.

31.    Defendants, through counsel, have refused to provide any evidence that the petition in question was in process before Plaintiff spoke at the meeting.

32.    The actions of the Defendants are subject to redress pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.

33.    Plaintiff does not seek, through this action, to invalidate, reverse, or dismiss any action heretofore decided or to be decided by the Pennsylvania state courts

under state law.

34.    The actions of the defendants violated clearly established rights of the Plaintiff.

35.    Defendants, acting together, conspired to deprive Plaintiff of the equal protections of the law and/or privileges and immunities secured to him under the law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and individually, for the damages sustained as the result of their violations of his civil rights, for a declaration that Spencer has been singled out by the Township for enforcement, and for punitive and exemplary damages, attorney's fees pursuant to 42 U.S.C. §1988, costs of suit, and such other and further relief as the Court deems just.

## TRIAL BY JURY IS HEREBY DEMANDED

## COUNT II

## RANDY J. SPENCER V. TOWNSHIP OF CRANBERRY, MATT MCSPARREN, BOB BETZOLD, AND FRED BUCKHOLTZ - DEPRIVATION OF THE EQUAL PROTECTION OF THE LAWS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS IN VIOLATION OF 42 U.S.C. § 1983

36.    Plaintiff incorporates by reference each preceding averment of this pleading.

37.    The Township tolerates the accumulation of junk vehicles on dozens of properties other than Spencer's.  The Township has not sanctioned any other property owner for a similar condition on their property.

38.    The Township has, for years, engaged in a continuing course of conduct singling out Spencer and engaging in harsh enforcement of some of its ordinances against Plaintiff only.

39. This treatment was initially motivated by the annoyance of Township officials resulting from Spencer's appearance at Township business meetings and his questioning of the propriety of some actions taken by the Township. This has evolved into a policy of the Township and resulted in the enactment of a Nuisance Ordinance and, later, a "Property Maintenance" ordinance targeted specifically against Spencer. These ordinances were enforced against Spencer in circumstances where others engaged in similar violations are not targeted or punished. In fact, aside from one default judgment secured against an absentee property owner, the Township's "Property Maintenance Ordinance" has never resulted in judgments against or the collection of any fines from any other Township residents besides Spencer.

40. At the time the present "Property Maintenance" ordinance was enacted, the Township instructed its Code Enforcement Officer to issue warnings to several property owners, but to drop them after they were filed and focus on Spencer.

41. The Township, pursuant to its policy of singling out Spencer, has not enforced its zoning prohibition or Junkyard Ordinance against other property owners who maintain junkyards on their properties. In some cases, violation notices have been issued but no action taken to a conclusion. Despite the supposed finality of Zoning Violation notices not appealed to the Zoning Hearing Board, the Township has provided property owners favorable zoning designations after being "convicted" of violations and has voluntarily dismissed citations after conviction, eliminating all fines, and permitting otherwise non-permitted conditions to remain.

42. By contrast, the Township has sought, and continues to seek, the harshest possible penalties against Spencer and has refused to engage in any dialogue seeking a resolution satisfactory to all. This is evidenced by the filing of the contempt petition.

43. All of these actions have been undertaken with the knowledge that Spencer's activities present no real danger to the people of the Township, as it has failed in the past to prove the condition to be a public nuisance. see *Township of Cranberry v. Spencer,* 2289 C.D. 2011, December 19, 2012, (Pa. Cmwlth. Ct. 2012). The restrictions are based solely on aesthetic considerations, an unpermitted use of police power under binding Pennsylvania Supreme Court Authority. See, *Appeal of Medinger,* 377 Pa. 217, 226, 104 A.2d 118, 123 (Pa., 1954): ("We therefore hold that neither aesthetic reasons nor the conservation of property values or the stabilization of economic values in a township are, singly or combined, sufficient to promote the health or the morals or the safety or the general welfare of the township or its inhabitants or property owners, ... or under the Constitution of Pennsylvania.") (Citations omitted).[1]

44. While the Township may argue that no one else has violated an injunction under its "Property Maintenance Code," the fact is that no such relief has been sought against any other property owner for similar violations. For example, the owner of the property adjoining one of Spencer's Spencer's properties has been notified of a zoning violation due to an accumulation of automobiles, but no enforcement action has been taken.

45. Despite an investigatory finding that a property adjoining Spencer's maintains a condition permitting oil to flow into Lower Two-Mile Run in the event of flooding, the Township has taken no action whatsoever.

46. Plaintiff is entitled to have laws enforced against him in the same manner as other Township residents.

---

[1] Plaintiff is not, in this action, contesting the constitutionality of the ordinances, only their unequal application.

47.    The actions of the Township and its Supervisors in singling out Spencer for harsher enforcement of selected ordinances violate Spencer's right to equal protection of the laws and his right to substantive due process in violation of the rights secured to him under the Constitution of the United States, in violation of 42 U.S.C. § 1983.

48.    Spencer has suffered damages because of the unequal application of the laws.

49.    Defendants, acting together, have conspired to deprive Plaintiff of the Equal Protection of the Law by acting against Plaintiff and authorizing actions against Plaintiff.

50.    The actions of the Defendants, singly and acting together, violate clearly established rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and individually, for the damages sustained as the result of their violations of his civil rights, for a declaration that Spencer has been singled out by the Township for harsher enforcement, and for punitive and exemplary damages, attorney's fees pursuant to 42 U.S.C. §1988, costs of suit, and such other and further relief as the Court deems just.

## COUNT III

## RANDY J. SPENCER V. MCSPARREN, BETZOLD, BUCKHOLTZ  AND HEIL-CONSPIRACY TO RETALIATE AGAINST SPENCER IN VIOLATION OF 42 U.S.C. § 1985

51.    Plaintiff incorporates herein by reference the preceding averments of this Complaint as though fully set forth at length.

52.    The defendants McSparren, Betzold and Buckholtz and Heil discussed and agreed among themselves to punish Spencer for speaking out.

53.    Pursuant to that conspiracy, they agreed to request their attorney to prepare and file the surprise Petition for Contempt without any warning to Spencer, hoping to secure a substantial fine and term of imprisonment against Spencer.

54.    To support that action, Heil dispatched Deloe to take photos of Spencer's properties and adjoining properties, which have been offered to the Court as evidence of the need to punish Spencer.

55.    The actions of the defendants acting in concert were done in violation of 42 U.SC. § 1985.

56.    As the result of the conspiracy, Plaintiff has suffered the damages set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, and individually, for the damages sustained as the result of their violations of his civil rights, for a declaration that Spencer has been singled out by the Township for harsher enforcement, and for punitive and exemplary damages, attorney's fees pursuant to 42 U.S.C. §1988, costs of suit, and such other and further relief as the Court deems just.

13

**TRIAL BY JURY IS HEREBY DEMANDED**

**COUNT IV**

**SPENCER V. MCSPARREN, BETZOLD AND BUCKHOLTZ, AND HEIL –
CONSPIRACY TO DEPRIVE PLAINTIFF OF THE EQUAL PROTECTION OF
THE LAWS IN VIOLATION OF 42 U.S.C. § 1985**

57.     Plaintiff incorporates herein by reference the preceding averments of this
Complaint as though fully set forth at length.

58.     The Defendants have made an agreement to, and have taken action to
enforce laws more harshly against Spencer than other violators in the Township. This
has been done pursuant to a policy of targeting Spencer arising out of Spencer's
protected speech years ago.

59.     Plaintiff has been harmed and suffered damages as the result of the
defendants' intentional deprivation of his right to the Equal Protection of the law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly,
severally, and individually, for the damages sustained as the result of their violations of
his civil rights, for a declaration that Spencer has been singled out by the Township for
harsher enforcement, and for punitive and exemplary damages, attorney's fees pursuant
to 42 U.S.C. §1988, costs of suit, and such other and further relief as the Court deems
just.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: ___s/ Timothy D. McNair_____

14

Timothy D. McNair, Esquire
Pa. ID#34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com