UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY J. SPENCER,<br>    Plaintiff<br><br>v.<br><br>MATT MCSPARREN, BOB BETZOLD,<br>FRED BUCKHOLTZ, and REGINA<br>DELOE, ERIC HEIL, and TOWNSHIP<br>OF CRANBERRY<br>    Defendants | : <br> : <br> : Docket No. 1:23-cv-00036-SPB <br> : <br> : *Electronically Filed* <br> : <br> : <br> : <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   For the Plaintiff:

   Timothy McNair
   McNair Law Offices, PLLC
   821 State Street
   Erie, PA 16501
   (814) 452-0700
   (814) 454-2371 (Fax)
   tmcnair@mcnairlaw.com

   For the Defendant:

   Frank J. Lavery, Jr.
   Andrew W. Norfleet
   Lavery Law
   225 Market St., Ste. 304
   Harrisburg, PA 17108-1245
   (717) 233-6633
   (717) 233-7003 (Fax)
   flaveryt@laverylaw.com
   anorfleet@laverylaw.com

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

   This is a civil rights case. Plaintiff contends that the defendants, acting for Cranberry Township, took action against him in retaliation for protected speech and that he was denied equal protection of the laws by being singled out for harsh enforcement of local ordinances. Plaintiff seeks damages for the violations of his constitutional rights, including attorney's fees expended in defending himself and fines imposed on him unfairly as the result of the actions taken by the Township, as well as general damages.

   Cranberry Township and the individually named defendants maintain that they did not retaliate against Plaintiff for his protected speech.  Likewise, Cranberry Township and the individually named defendants did not deny Plaintiff's right to equal protection under the law for any reason.  Further, Cranberry Township and the individually named defendants deny that Plaintiff was singled out for harsh enforcement of local ordinances.  Cranberry Township and the individually named defendants deny that Plaintiff is entitled to any damages in this matter.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) conference was held on May 18, 2023. Timothy McNair participated on behalf of Plaintiff.  Andrew Norfleet participated on behalf of Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**  (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   The Rule 16 Conference is scheduled for Tuesday, June 6, 2023 at 2:30 PM

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   The parties do not anticipate filing any dispositive motions pursuant to Fed. R. Civ. P. 12.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

      The parties have selected Early Neutral Evaluation as the ADR process for this case, as further set forth in the parties' Stipulation Selecting ADR Process. The parties intend to complete ENE by August 31, 2023, or as soon thereafter as is possible given the preexisting commitments of the neutral, the parties, their counsel, and representatives.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None. the parties will exchange initial disclosures on or before May 30, 2023.

8. **Subjects on which fact discovery may be needed.**  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

   The parties will conduct fact discovery regarding:

   - Actions taken by the Township regarding enforcement of its ordinances against property owners and residents of the Township, including Plaintiff;
   - The facts surrounding Defendants' decision to charge Plaintiff with ordinance violations;
   - The facts surrounding the existence of and Township action taken regarding ordinance violations;
   - The facts surrounding Defendants' actions in charging Plaintiff with violations of ordinances and/or court orders;
   - Plaintiff's alleged damages, including mitigation efforts, if any;
   - The facts surrounding all of Plaintiff's factual allegations in his Complaint;
   - Plaintiff's actions taken in violation of Townhip ordinances or court orders;
   - All of the claims raised by Plaintiff in his Complaint; and
   - The defenses set forth in Defendant's Answer.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   The parties elect to schedule a Post-Discovery Status Conference.

a.   **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** May 30, 2023.

b.   **Date by which any additional parties shall be joined:** July 6, 2023.

c.   **Date by which the pleadings shall be amended:** July 6, 2023.

d.   **Date by which fact discovery should be completed:** October 10, 2023.

e.   **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

The parties do not believe that fact discovery should be conducted in phases or otherwise limited to particular issues.

f.   **Date by which plaintiff's expert reports should be filed:** N/A

g.   **Date by which depositions of plaintiff's expert(s) should be completed:** N/A

h.   **Date by which defendant's expert reports should be filed:** N/A

i.   **Date by which depositions of defendant's expert(s) should be completed:** N/A

j.   **Date by which third party expert's reports should be filed:** N/A

k.   **Date by which depositions of third party's expert(s) should be completed:** N/A

10.  **If the parties agree that changes should be made to the limitations on discovery imposed by the Local Rules or the Federal Rules of Civil Procedure or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties do not propose any change to the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rule.

11.  **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

a.   **ESI. Is either party seeking the discovery of ESI in this case?**

  X  Yes     No

b.   **ESI Discovery Plan:** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2 C-CHECKLIST" to the Local Rules and:

       _X_  Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by October 10, 2023.

       ____ Have developed an ESI discovery plan (as attached).

       ____ Will have an ESI discovery plan completed by _____.

c.    **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

       _X_ Yes  ___ No

d.    **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

       ___ Yes  _X_ No

e.    **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and **LCvR 16.1D**, Procedures Following Inadvertent Disclosure, and:

       _X_  Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

       ____ Have agreed on alternative non-waiver language, which either is or will be incorporated within the ESI discovery plan.

       ____ Are unable to agree on appropriate non-waiver language.

f.    **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?

       ___ Yes _X_ No

g.    **Other.** Identify all outstanding disputes concerning any ESI issues.

       The parties do not have any outstanding disputes concerning ESI.

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

     a.    Settlement and/or transfer to an ADR procedure;

     **b.**    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

     **c.**    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

     **d.**    **Dates by which parties' pre-trial statements should be filed;**

     **e.**    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

     **f.**    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

     **g.**    **Dates proposed for final pre-trial conference;**

     **h.**    **Presumptive and final trial dates.**

The parties have elected to schedule the Post-Discovery Status Conference following Fact Discovery.

**13.** **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties may wish to enter into a stipulated protective order in the event that documents or information produced in discovery contain confidential and proprietary business information and/or personal information related to nonparties. If the parties determine that a protective order is necessary, they agree to work cooperatively to submit any such order to the Court in a timely manner to avoid any delay in these proceedings.

**14.** **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role**:

The parties do not anticipate that the Court may have to appoint a special master to deal with any matter.

**15.** **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached**:

The parties have not failed to agree regarding any subject for which a report is required.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration**:

    The parties have discussed possible resolution of this matter and have determined that settlement efforts would be premature given the nature of the claims and defenses in this case. Plaintiff has agreed to provide a settlement proposal in advance of the ENE.

Dated: May 23, 2023

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

BY: /s/ Timothy D. McNair
    Timothy McNair, Esq.
    tmcnair@mcnairlaw.com
    821 State Street
    Erie, PA 16501
    814-452-0700
    814-454-2371 (Fax)
    *Attorney for Plaintiff*

LAVERY LAW.

BY: /s/ Frank J. Lavery, Jr
    Frank J. Lavery, Jr., Esq.
    flavery@laverylaw.com
    Andrew W. Norfleet, Esq.
    anorfleet@laverylaw.com
    225 Market Street, Suite 304
    P.O. Box 1245
    Harrisburg, PA 17108-1245
    (717) 233-6633
    412-232-3441 (Fax)
    *Attorneys for Defendant*