IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RANDY J. SPENCER,<br>　　　Plaintiff<br><br>v.<br><br>MATT MCSPARREN, BOB BETZOLD,<br>FRED BUCKHOLTZ, and REGINA<br>DELOE, ERIC HEIL, and TOWNSHIP<br>OF CRANBERRY<br>　　　Defendants | Docket No. 1:23-cv-00036-SPB<br><br>*Electronically Filed*<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## **MOTION TO COMPEL DISCOVERY**

NOW COMES the Plaintiff, Randy J. Spencer, by counsel, and respectfully moves this Honorable Court for an Order compelling more specific discovery responses, respectfully representing:

1. On November 22, 2023, Plaintiff served a First Request for Production of Documents (with comprehensive instructions) on Defendant Township of Cranberry. A copy of the Request for the Production of Documents is attached as Exhibit A.

2. In responding to the Request for Production of Documents, the Defendant made numerous boilerplate and nonspecific objections. A ccopy of the Responses is attached hereto as Exhibit B.

3. As to each Request, the Defendant objected on the grounds that the Request was "vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case." In none of the Responses to the Request for Production does

Defendant specify the manner in which each discrete Request is all or any of those bad things nor does Defendant suggest any way to remedy the situation.

4. With regard to Request No. 1, the Defendant objects on the grounds that "Plaintiff makes no claim related to the Township's "zoning ordinance."

5. A review of the Amended Complaint in this matter makes it clear that Plaintiff is claiming a violation of his right to equal protection of the laws in that the Township has pursued him for the maximum penalties available under the zoning ordinance, whereas it has permitted other entities to continue noncompliance with no action. This objection is not well taken and should be overruled.

6. Requests Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 10 all contain an objection that the request "seeks to invade the attorney-client privilege or the attorney work-product privilege." To the extent that the Defendant objects to providing responsive documents on that basis, it must to produce a privilege log identifying the documents being withheld.

7. In its response to Request No. 5, the Defendant objects that "Plaintiff's request for "all documents" is vague and overly broad." The term "all documents" is hardly vague nor is it overbroad since the request relates to specific actions of the Township, involving the Township's investigation of the ownership of vehicles on the Heath property on or near Deep Hollow Road. This objection is not well taken, and Defendant should be ordered to provide all responsive documents or a privilege log as to any specific document being withheld.

8. With regard to Requests 8 and 9, the Defendant objects that "the term "junk yard" as used in Request for Production Number 8 is not defined by Plaintiff." The

Township has defined junk yard in its zoning ordinance. For the Township to argue that it does not know what a "junk yard" is is not a well taken objection and should be overruled. Defendant should be ordered to provide all responsive documents.

9. With regard to Plaintiff's Request No. 10, the Township objected to production of documents on both attorney-client privilege and/or the attorney work-product privilege (addressed above) and the grounds that it "seeks the production of documents that are likely in Plaintiff's possession." Since the Request was for documents in Defendant's possession, this objection is not well taken. To the extent that the Defendant knows the documents are in Plaintiff's possession, it can identify and list them.

10. In Response to the Request for Production, Defendant produced 678 disorganized pages of documents with no indication as to which request the documents were related, nor does Defendant in its response identify by Bates number the documents it considers responsive to the Request. This renders the Response all but useless, since it is impossible to find any particular document without perusing the entire 678 pages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an appropriate Order.

(Signature Page Follows)

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: <u>/s/Timothy D. McNair</u>

    Timothy D. McNair, Esquire
    821 State Street
    Erie, PA 16501
    (814) 452-0700
    (814) 454-2371 (fax)
    tmcnair@mcnairlaw.com