IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| RANDY J. SPENCER,<br>    Plaintiff | : : : : : | Docket No. 1:23-cv-00036-SPB |
| v. | : : : : : | *Electronically Filed* |
| MATT MCSPARREN, BOB BETZOLD,<br>FRED BUCKHOLTZ, and REGINA<br>DELOE, ERIC HEIL, and TOWNSHIP<br>OF CRANBERRY<br>    Defendants | : : : : : | **JURY TRIAL DEMANDED** |

## ORDER

AND NOW, to-wit this _____ day of August, 2024, upon consideration of Plaintiff's Motion to Compel Discovery and after a telephone conference concerning the same, it is ORDERED:

1. Defendant shall either withdraw its objection to the Requests that the Requests are "vague, ambiguous, overbroad, unduly burdensome, seek information that is not relevant to any claim or defense, and seek information that is not proportional to the needs of the case" unless it can specify with particularity the manner in which the Request is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Otherwise, Defendant's objections are OVERRULED, and it is ORDERED to provide all responsive documents forthwith.

2. Defendant's objection to Request No. 1 on the grounds that "Plaintiff makes no claim related to the Township's "zoning ordinance"," in OVERRULED. It is ORDERED that Defendant shall produce all responsive documents forthwith.

3. With regard to Defendant's objection to Requests Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 10, to the extent that it is withholding any documents on the grounds of attorney-client privilege or attorney work-product privilege, Defendant shall provide a privilege log identifying the documents being withheld forthwith.

4. With regard to Defendant's objection to Plaintiff's Request No. 5, that the request for production of all identified documents is vague and overbroad, said objection is OVERRULED. The Request has been stated with sufficient specificity and Defendant is ORDERED to provide all responsive documents forthwith.

5. With regard to Defendant's objection to Plaintiff's Requests numbered 8 and 9, given that the term "junk yard" is defined in Township ordinances, said objection is OVERRULED. Defendant shall provide all responsive documents forthwith.

6. With regard to Defendant's objection to Plaintiff's Request No. 10, that it "seeks the production of documents that are likely in Plaintiff's possession," said objection is OVERRULED. To the extent that Defendant is aware that requested documents are in Plaintiff's possession, it may identify them rather than producing them, but shall produce further responsive documents on request.

7. With regard to the documents produced Bates stamped Dfs00127 – Dfs00805, Defendant shall, for each document, identify the request to which Defendant claims it is responsive.

BY THE COURT,

_____

Susan Paradise Baxter, U.S.D.J.