IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Randy J. Spencer, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Matt McSparren, Bob Betzold, Fred Buckholtz, Regina Deloe, Township Of Cranberry, and Eric Heil, | : | No. 1:23-cv-00036 |
|     Defendants | : | (electronically filed) |
| | : | JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANT THE TOWNSHIP OF CRANBERRY TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND NEW MATTER RELATED TO COUNSEL'S CERTIFICATE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(A)(1)**

AND NOW, comes Defendant the Township of Cranberry ("the Township") (collectively "Defendants") by and through its counsel, Lavery Law, and respectfully moves this Honorable Court to Dismiss Plaintiff's Motion to Compel Discovery directed to the Township (ECF DOC. 47), and in support answers:

1. Admitted in part; denied in part. It is admitted that on or about November 22, 2023, Plaintiff served his First Request for Production of Documents Directed to the Township. It is denied that Plaintiff's First Request for Production of Documents contained comprehensive instructions. To the contrary, Plaintiff's instructions consist of boilerplate language, including definitions for terms such as "business entity." None of Plaintiff's discovery requests were directed to a business entity as declared by

Plaintiff. Further, only one definition, identifying "Township" to mean "Township of Cranberry" is specific to Plaintiff's First Request For Production of Documents.

2.  Denied. It is denied that the Township made boilerplate and nonspecific objections in response to Plaintiff's First Request for Production of Documents. To the contrary, the Township's objections are specific and include explanations where necessary. (*See*, the Townships Responses to Plaintiff's Request For Production of Documents attached as Exhibit "B" to Plaintiff's Motion to Compel). By way of further answer, the Township served Plaintiff with Responses on April 29, 2024 and simultaneously requested responses to Defendants' discovery requests. (*See*, a true and correct copy of the April 29, 2023 letter to Plaintiff's counsel attached hereto as Exhibit "A."). By way of further answer, to date, the Defendants have granted Plaintiff numerous extensions to produce responses to Defendants' April 29, 2024 discovery requests.

3.  Admitted in part; denied in part. It is admitted only that the Township objected to each of Plaintiff's discovery Requests because Plaintiff's Requests are vague, ambiguous, overbroad, and, in some instances, seek information not proportional to the needs of the case. It is also admitted that the Township objected to some of Plaintiff's Requests based on those Requests seeking documents beyond the scope of the claims alleged in Plaintiff's Amended Complaint. The remaining averments in Paragraph 3 of Plaintiff's Motion to Compel Discovery are denied. By

way of further answer, it is denied that the Township did not specify how Plaintiff's Requests were improper. For example, Plaintiff's Request No. 1 seeks the production of all citations and related documents "issued under the Township's Nuisance Ordinance, Property Maintenance Ordinance, and Zoning Ordinance relating to junkyards in the past ten years." (*See*, the Townships Responses to Plaintiff's Request For Production of Documents attached as Exhibit "B" to Plaintiff's Motion to Compel). Plaintiff's request for "all documents" issued under the Township's Nuisance Ordinance, Property Maintenance Ordinance, and Zoning Ordinance for ten years is overly broad and unduly burdensome. Plaintiff's claims arise from the Defendants alleged improper filing of a contempt petition against Plaintiff. (ECF DOC. 6, ¶23). Plaintiff also alleges the contempt petition was filed because of comments Plaintiff allegedly made at a town hall meeting. (*Id.* at ¶27). Therefore, Plaintiff's Request for "all citations and related documents" not related to the Township filing contempt petitions for previously adjudicated decisions is overly broad and unduly burdensome. By way of further answer, the Township specifically objected to Plaintiff's request for any and all documents relating to "any" investigation of "any" junkyard (presumably for any reason in the Township in the past five years. (*See*, the Townships Responses to Plaintiff's Request For Production of Documents attached as Exhibit B to Plaintiff's Motion to Compel).

4. Admitted. It is admitted that the Township objected to Plaintiff's Request No. 1 because Plaintiff makes no claim related to the Township's Zoning Ordinance. By way of further answer, Plaintiff did not make a claim regarding the Township's "Zoning Ordinance." To the contrary, Plaintiff's Amended Complaint refers to the Cranberry Township Property and Maintenance Ordinance (*see*, ECF DOC. 6, ¶¶ 13, 14, 39, 40, 44); the Cranberry Township Nuisance Ordinance (*Id*. at ¶¶ 13, 39); and the Township's "Junkyard Ordinance" (*Id*. at ¶ 41). Plaintiff's only reference to a "Zoning Ordinance" is found in Paragraph 14 of the Amended Complaint alleges only that the Township allegedly permitted "others" to store junk vehicles in flood ways. (ECF DOC. 6, ¶ 14). By way of further answer, Plaintiff's claims arise from the Defendants' alleged improper filing of a contempt petition against Plaintiff. (ECF DOC. 6, ¶23). Plaintiff also alleges the contempt petition was filed because of comments Plaintiff allegedly made at a town hall meeting. (*Id.* at ¶27).

5. Denied. The Township incorporates its answers to Paragraph 4 of Plaintiff's Motion to Compel Discovery as if fully stated herein. By way of further answer, and despite Plaintiff's claims to the contrary, Plaintiff specifically alleges that the Township subjected him to an injunction based on the Twonship's "property maintenance code" and "nuisance ordinance." (ECF DOC. 6, ¶ 13). By way of further answer, while Plaintiff claims that he "does not seek, through this action, to invalidate, reverse, or dismiss any action heretofore decided or to be decided by the Pennsylvania

4

state courts under state law" his pleadings and discovery request uncover his true intention – to attempt to put the Township and the other named Defendants through the hassle and costs of relitigating the "various litigation" Plaintiff has been engaged in "for years" concerning his maintenance of used vehicles. (ECF DOC. 6, ¶13).

6. Admitted in part; denied as stated. It is admitted that the Township objected to Plaintiff's Requests No. 2-10 as the Requests seek to invade the attorney-client privilege or the attorney work-product privilege. It is denied, as stated, that the objections highlighted by Plaintiff were the only objections set forth by the Township. To the contrary, and as explained previously herein, the Township properly objected to Plaintiff's requests as vague, ambiguous, overbroad, unduly burdensome and seeking information that is not relevant to any claim or defense set forth by Plaintiff.

7. Admitted in part; denied as stated. It is admitted that the Township objected to Plaintiff's request for all documents related to "any investigation" of the ownership of specific vehicles is vague and overly broad. Plaintiff's claims arise from the Defendants alleged improper filing of a contempt petition against Plaintiff. (ECF DOC. 6, ¶23). Plaintiff also alleges the contempt petition was filed because of comments Plaintiff allegedly made at a town hall meeting. (*Id.* at ¶27). Therefore, Plaintiff's Request for "all documents" not related to the Township filing contempt petitions for previously adjudicated decisions, is overly broad and unduly burdensome. Denied as stated. It is denied that the Township's only objection to Plaintiff's Request

for Production No. 5 was "Plaintiff's request for 'all documents' is vague and overly broad." To the contrary, the Township also objected to Plaintiff's Request No. 5 on the grounds it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense asserted by the Plaintiff. It is denied, as stated, that the objections highlighted by Plaintiff were the only objections set forth by the Township.

8. Admitted in part; denied as stated. It is admitted the Township objected to Plaintiff's Requests No. 8 and 9 because Plaintiff failed to define the term "junkyard" as used in Plaintiff's Requests for Production. Previously, Plaintiff argued that his Requests contained "comprehensive instructions." (ECF DOC. 47, ¶2). A review of the "instructions and definitions" finds that Plaintiff did not define "junkyards." (ECF DOC. 47-2). If Plaintiff intended to use the Township's definition of "junkyard" he alleges it is found in its "zoning ordinance," Plaintiff should have included the specific definition or directed the Township to the "zoning ordinance" where the definition is found. The Township is not required to interpret Plaintiff's understanding or definition of specific words or phrases when responding to discovery requests. By way of further answer, it is denied that the Township's objection to Plaintiff's use of "junkyard" is the Township's only objection to Request No. 8 and No. 9. To the contrary, the Township objected to Plaintiff's Requests for "any investigation of any junkyard," as vague, overbroad, unduly burdensome, and beyond the scope of the claims outlined in Plaintiff's Amended Complaint.

9. Admitted in part; denied in part. It is admitted the Township objected to Plaintiffs Request for Production No. 10 asserting the attorney-client privilege and/or the attorney work product privilege. It is also admitted that the Township objected to Plaintiff's Request for Production No. 10 on the grounds the Request seeks the production of documents that are likely in Plaintiff's possession. Plaintiff acknowledges that he is "further subject to an injunction regarding one of his properties located on Deep Hollow Road in the Township." (ECF DOC. 6, ¶13). Plaintiff describes why the Township found it necessary to seek the injunction. (*Id*. at ¶14). Plaintiff further describes attending a hearing on the injunction and evidence offered by the Township in support of the injunction. (*Id*.). Finally, Plaintiff alleges that he is "in the process of remediating the Township's complaints." *Id*. at ¶15. Therefore, the Township's objection is well made – Plaintiff acknowledges having notice of the injunction, attending a hearing on the injunction, reviewing evidence supporting the injunction, and allegedly remediating the Township's complaints. It is unduly burdensome to require the Township to reproduce documents Plaintiff is likely already in possession of. By way of further answer, it is denied these are the only objections set forth by the Township to Plaintiff's Request for Production No. 10.

10. Admitted in part; denied in part. It is admitted the Township produced 678 pages of documents responsive to Plaintiff's Request for Production of Documents. It is denied the documents were "disorganized." By way of further answer, Plaintiff

7

offers no explanation of the term "disorganized." To the contrary, the documents were produced electronically to Plaintiff on April 29, 2024. (*See*, a true and correct copy of the April 29, 2023 letter to Plaintiff's counsel attached hereto as Exhibit A). It was not until August 5, 2024, more than three months after the Defendants served Plaintiff with their discovery production that Plaintiff's counsel notified undersigned counsel that he had not yet accessed or downloaded the produced documents. Plaintiff's counsel advised that he had not yet downloaded the documents due to his return from an extended vacation, a medical situation, and a large volume of email. (*See*, a true and correct copy of Attorney McNair's electronic mail dated August 5, 2024 attached as Exhibit B). Plaintiff's counsel did not raise any objections to how the documents were produced. By way of further answer, Plaintiff filed a Motion to Compel the production of additional documents, if any exist, while arguing to this Court that he is somehow prejudiced because he must "peruse" the 678 pages of responsive documents produced by the Township. Plaintiff must review the documents produced by the Township and, if necessary, provide the Township with notice of alleged insufficiencies in the document production.

      Wherefore, the Township respectfully requests this Honorable Court deny Plaintiff's Motion to Compel Discovery.

## NEW MATTER RELATED TO PLAINTIFF'S COUNSEL'S CERTIFICATE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(A)(1)

11. On August 15, 2023, Plaintiff filed a Certificate Pursuant To Federal Rule of Civil Procedure 37(A)(1). (ECF DOC. 47-1).

12. Plaintiff's counsel represents to this Court that he conferred with counsel for Defendants, Justin A. Zimmerman, Esquire, in an effort to obtain the requested discovery without court action. *Id.*

13. Plaintiff's counsel states, "[s]pecifically, Counsel for Plaintiff spoke with Mr., [sic] Zimmerman on August 7, 2024 requesting responses to the discovery. Mr. Zimmerman, Counsel for Defendants, indicated that he was declining to do so."

14. To the contrary, on August 7, 2024, Attorney Zimmerman forwarded written correspondence to Plaintiff's counsel, stating, "I have already expressed a willingness to revisit Defendants' discovery responses, however, that is an issue separate and apart, from Plaintiff's obligation to answer discovery in the first instance." (*See*, a true and correct copy of Attorney Zimmerman's August 7, 2024 correspondence attached as Exhibit C).

15. Also on August 7, 2024, Attorney Zimmerman forwarded electronic correspondence to Plaintiff's counsel stating, "[a]s to our discovery responses, I will take a look at them next week and we can reconvene if that is acceptable to you." (*See*,

a true and correct copy of Attorney Zimmerman's August 7, 2024 electronic mail attached as Exhibit D).

16. Predating the August 7, 2024 correspondence, on August 6, 2024, Attorney Zimmerman forwarded electronic correspondence to Plaintiff's counsel explaining that it had been difficult getting Plaintiff's counsel to respond to questions regarding discovery and noting that August 5, 2024 was the first time Plaintiff's counsel raided objections to the discovery responses served by Defendants on April 29, 2024. (*See*, a true and correct copy of Attorney Zimmerman's August 6, 2024 electronic correspondence attached as Exhibit E).

17. Plaintiff's counsel's representation that Attorney Zimmerman declined to produce discovery responses on August 7, 2024 is false.

18. Plaintiff's counsel also states that on August 9, 2024, he provided Attorney Zimmerman with the motion to compel, but he "received no response."

19. On August 9, 2024, Plaintiff's counsel forwarded electronic mail to Attorney Zimmerman with a time stamp of 10:46 AM. (*See*, a true and correct copy of the August 9, 2024 email from Plaintiff's counsel attached as Exhibit F).

20. Plaintiff's counsel gave Attorney Zimmerman approximately three hours to respond to the proposed motion or "we will be filing today." *Id.*

21. Providing opposing counsel with three hours to review and respond to a proposed motion to compel does not meet the spirit of the good faith effort required by the moving party to resolve a discovery dispute before seeking court action.

22. Instead, after being in possession of Defendants' discovery responses for more than three months, Plaintiff notified undersigned counsel of a discovery dispute for the first time on August 5, 2024. While the parties were discussing an extension of case management deadlines and discussing Plaintiff's discovery responses that were more than sixty (60) days delinquent, Plaintiff's counsel chose to file a motion to compel four days later after setting an arbitrary three-hour response time after presenting Plaintiff's proposed motion to compel.

23. Plaintiff failed to make a good-faith effort to resolve this discovery dispute prior to seeking court action.

                                                        Respectfully submitted,

                                                        **Lavery Law**

                                        By:   /s/ Frank J. Lavery, Jr.
                                                  Frank J. Lavery, Jr., Esquire
                                                  Atty No. PA42370
                                                  225 Market Street, Suite 304

DATE:  August 27, 2024                Harrisburg, PA 17101-2126
                                                  (717) 233-6633 (telephone)
                                                  (717) 233-7003 (facsimile)
                                                  flavery@laverylaw.com
                                                  *Attorney for Defendants Matt McSparren, Bob Betzold, Fred Buckholtz, Regina Deloe, Township of Cranberry, and Eric Heil*

Respectfully submitted,

**Lavery Law**

Date: August 27, 2024

*/s/ Justin A. Zimmerman*
Justin A. Zimmerman, Esquire
Atty. No. PA319586
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
jzimmerman@laverylaw.com
*Attorney for Defendants Matt McSparren, Bob Betzold, Fred Buckholtz, Regina Deloe, Township of Cranberry, and Eric Heil*

## **CERTIFICATE OF SERVICE**

      I, Michelle Principato do hereby certify that on August 27, 2024, I served a true and correct copy of the foregoing Answer of the Township of Cranberry to Plaintiff's Motion to Compel Discovery via the Court's ECF System on all attorneys of record.

_/s/ Michelle Principato_
Legal Assistant

This document has also been electronically filed and is available for viewing and downloading from the ECF system.