# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Randy J. Spencer, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No. 1:23-cv-00036 |
| v. | : | |
| | : | |
| Matt McSparren, Bob Betzold, Fred Buckholtz, Regina Deloe, Township Of Cranberry, and Eric Heil, | : | (electronically filed) |
|     Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANTS RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT TOWNSHIP OF CRANBERRY (FIRST SET)

AND NOW, comes the Defendants and provides the following responses and objections to Plaintiff's Request for Production of Documents to Defendant Township of Cranberry as follows:

### Request for Production of Documents

1. All citations and related documents issued under the Township's Nuisance Ordinance, Property Maintenance Ordinance, and Zoning Ordinance relating to junk yards in the past ten (10) years.

**RESPONSE:**

> **Objection. Plaintiff's Request for Production of Documents Number 1 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Document Number 1 as it seeks documents that are beyond the scope of the claims alleged in Plaintiff's Complaint. Specifically, Plaintiff makes no claim related to the Township's**

"zoning ordinance." Without waiving said objections see the documents produced in response to Plaintiff's Request for Production of Documents (First Set).

2. All documents relating to the issuance of a Zoning Enforcement Notice to SSR, LLC, relating to Parcel No. 08,014,-041..-00 on or about February 11, 2021, including any documents relating to the investigation or observation of the alleged violation before the Notice was issued, and all documents relating to the withdrawal of the Violation Notice on or about April 1, 2021

**RESPONSE:**

> **Objection. Plaintiff's Request for Production of Documents Number 2 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Documents Number 2 to the extent it seeks to invade the attorney-client privilege or the attorney work-product privilege. Without waiving said objections, see the documents produced in response to Plaintiff's Request for Production of Documents (First Set).**

3. All documents relating to the identification of any automobiles on Parcel No. 08,014,-041..-00 before the February 11, 2021 Zoning Violation Notice was issued, including any documents noting ownership of any such vehicles.

**RESPONSE:**

> **Objection. Plaintiff's Request for Production of Documents Number 3 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to**

2

Plaintiff's Request for Production of Documents Number 3 to the extent it seeks to invade the attorney-client privilege or the attorney work-product privilege. Without waiving said objections, see the documents produced in response to Plaintiff's Request for Production of Documents (First Set).

4. All documents relating to the issuance, service, or prosecution of any violation notice to Daniel Heath under the Cranberry Township Property Maintenance Ordinance resulting in the filing of a criminal citation at No. MJ-28304-NT-0000118-2023 and No. MJ-28304-NT-0000119-2023, including any notes, memoranda, communications, emails, correspondence or other document comprising the observations of any Township employee and any communication between Daniel Heath and the Township regarding the Heath property on or near Deep Hollow Road in the Township.

**RESPONSE:**

**Objection. Plaintiff's Request for Production of Documents Number 4 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Documents Number 4 to the extent it seeks to invade the attorney-client privilege or the attorney work-product privilege. Without waiving said objections, see the documents produced in response to Plaintiff's Request for Production of Documents (First Set).**

5. Any and all documents relating to any investigation of the ownership of any vehicles on the Heath property on or near Deep Hollow Road in the Township.

3

**RESPONSE:**

**Objection. Plaintiff's Request for Production of Documents Number 5 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production Number 5 as Plaintiff's request for "all documents" is vague and overly broad. Defendants further object to Plaintiff's Request for Production of Documents Number 5 to the extent it seeks to invade the attorney-client privilege or the attorney work-product privilege. Without waiving said objections, see the documents produced in response to Plaintiff's Request for Production of Documents (First Set).**

6. Any and all documents comprising, recording, reflecting, or relating to the Township's decision to file the Contempt Petition against Plaintiff on or about February 2, 2023.

**RESPONSE:**

**Objection. Plaintiff's Request for Production of Documents Number 6 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Documents Number 6 to the extent it seeks to invade the attorney-client privilege and/or the attorney work product privilege. Without waiving said objections, see the documents produced in response to Plaintiff's Request for Production of Documents.**

7. Any and all documents relating to any investigation of the junkyard maintained by Barbara Ross on the Victory Heights Hill property along U.S. Route 322, including, without limitation, any correspondence, violation notices, citations, or other documents.

**RESPONSE:**

Objection. Plaintiff's Request for Production of Documents Number 7 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Documents Number 7 to the extent it seeks to invade the attorney-client privilege or the attorney work product privilege. Without waiving said objections, see the documents produced in response to Plaintiff's Request for Production of Documents (First Set).

8. Any and all documents relating to any investigation of any junkyard in the Township in the past five (5) years.

**RESPONSE:**

Objection. Plaintiff's Request for Production of Documents Number 8 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Documents Number 8 as the term "junkyard" as used in Request for Production Number 8 is not defined by Plaintiff. Defendants further object to Plaintiff's Request for Production of Document Number 8 to the extent that Plaintiff's request for documents relating to "any investigation of any junkyard" is beyond the scope of the claims set forth in Plaintiff's Complaint. Without waiving said objections see the documents produced in response to Plaintiff's Request for Production of Documents.

9. Any and all internal or external communications regarding any citations filed under the Township's Nuisance Ordinance, Property Maintenance Ordinance, and Zoning Ordinance relating to junk yards in the past five (5) years.

RESPONSE:

Objection. Plaintiff's Request for Production of Documents Number 9 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Documents Number 9 to the extent the request for "any and all internal or external communications" seeks to invade the attorney-client privilege and/or the attorney work product privilege. Defendants further object to Plaintiff's Request for Production of Documents Number 9 to the extent the term "junk yards" as used in Request Number 9 is not defined by Plaintiff. Without waiving said objections see documents produced in response to Plaintiff's Request for Production of Documents.

10. Any and all internal and external communications regarding Plaintiff's alleged violation of the Injunction on the Deep Hollow Property.

RESPONSE:

Objection. Plaintiff's Request for Production of Documents Number 10 is vague, ambiguous, overbroad, unduly burdensome, seeks information that is not relevant to any claim or defense, and seeks information that is not proportional to the needs of the case. Defendants further object to Plaintiff's Request for Production of Documents Number 10 to the extent Plaintiff's request for "any and all internal and external communications" seeks to invade the attorney-client privilege and/or the attorney work product privilege. Defendants further object to Plaintiff's Request for Production Number 10 in that it seeks the production of documents that are likely in Plaintiff's possession. Without waiving said objections, see documents produced in response to Plaintiff's Request for Production of Documents.

**[SIGNATURE BLOCK ON NEXT PAGE]**

                                                          Respectfully submitted,
                                                          Lavery Law

                                                          By: /s/ *Frank J. Lavery, Jr.*
                                                              Frank J. Lavery, Jr.
                                                              Attorney ID No. 42370
                                                              225 Market Street, Suite 304
                                                              Harrisburg, PA 17101-2126
                                                              (717) 233-6633 (Telephone)
                                                              (717) 233-7003 (Facsimile)
                                                              flavery@laverylaw.com
Date: April 29, 2024                          *Attys. for Defendants Matt*
                                                              *McSparren, Bob Betzold, Fred*
                                                              *Buckholtz, Regina Deloe, Township of*
                                                              *Cranberry, and Eric Heil*

## CERTIFICATE OF SERVICE

I, Dori Docherty, an employee with the law firm of Lavery Law, do hereby certify that on this 29th day of April, 2024, I served a true and correct copy of Defendants Responses and Objections to Plaintiff's First Request for Production of Documents Directed to Defendant Township of Cranberry (First Set) via email addressed as follows:

>Timothy McNair, Esquire
>McNair Law Offices, PLLC
>821 State Street
>Erie, PA 16501
>tmcnair@mcnairlaw.com
>*Attorney for Plaintiff*

>/s/ *Dori L. Dockerty*
>Legal Assistant