IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY J. SPENCER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:23-cv-36** |
| v. | ) | |
| | ) | |
| MATT McSPARREN, *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

NOW, this 28th day of August, 2024, upon consideration of Plaintiff's Motion to Compel

Discovery, ECF No. [47], and Defendants' response thereto, ECF No. [48], and as set forth in

more detail on the record during the telephonic motion hearing held this same date,

IT IS ORDERED that the motion is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED as to Plaintiff's first request for production of documents, insofar as Defendants are directed to produce two years' worth of responsive documents.

2. The motion is GRANTED as to Request Nos. 2 through 10 insofar as Defendants are directed to provide a log of any responsive documents that are being withheld on the grounds of privilege.  In the event Defendants determine that any withheld, responsive documents do *not* fall within the scope of either the attorney-client privilege or the work-product doctrine, Defendants are directed to produce such materials to Plaintiff.

3. The motion is GRANTED as to Request Nos. 5, 8, and 9, insofar as Defendants are directed to produce five years' worth of responsive documents.

4. The foregoing materials shall be produced **on or before September 20, 2024**.

5. The motion is DENIED without prejudice as to Request No. 10, as Plaintiff may seek the production of specific documents not in his possession in the first instance; and

6.   The motion is, in all other respects, DENIED.


Susan Paradise Baxter
U.S. District Judge