IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA, ERIE DIVISION

| | | |
|---|---|---|
| RANDY J. SPENCER, | : | Docket No. 1:23-cv-00036-SPB |
| Plaintiff, | : | *Electronically Filed* |
| v. | : | JURY TRIAL DEMANDED |
| MATT MCSPARREN, BOB BETZOLD, FRED BUCKHOLTZ, REGINA DELOE, ERIC HEIL, and TOWNSHIP OF CRANBERRY | : | |
| Defendants. | : | |

**EMERGENCY MOTION OF DEFENDANTS MATT MCSPARREN, BOB BETZOLD, FRED BUCKHOLTZ, REGINA DELOE, ERIC HEIL AND THE TOWNSHIP OF CRANBERRY TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND PRIVILEGE LOGS AND FOR A DISCOVERY CONFERENCE**

AND NOW COME THE DEFENDANTS, MATT MCSPARREN, BOB BETZOLD, FRED BUCKHOLTZ, REGINA DELOE, ERIC HEIL, AND THE TOWNSHIP OF CRANBERRY and request this Honorable Court schedule an emergency discovery conference to address discovery disputes the parties are unable to resolve. In support thereof, the Defendants state:

1. On August 9, 2024, this Court issued an order extending the Case Management Deadlines. (DOC. 46).

2. Fact discovery is scheduled to end on October 9, 2024. (DOC.46).

3. By Order, Plaintiff shall appear for his deposition by September 23, 2024. (DOC. 46).

4. By Order, Defendants shall appear for deposition before October 4, 2023. (DOC. 46).

5. All other deadlines are to be determined by the Court. (DOC. 46).

6. On August 28, 2024, this Court held a discovery conference to address Plaintiff's Motion to Compel Discovery and Defendant's responses thereto. (DOC. 47 and 48, respectively).

7. Following the discovery conference, the Court ordered the Defendants to produce additional materials, including a privilege log, on or before September 20, 2024. (DOC. 54).

8. On August 9, 2024, Plaintiff produced his Answers to Defendants' First Set of Interrogatories Directed to Plaintiff Randy J. Spencer.

9. Defendants' Interrogatory No. 19 states, "Identify any and all documents, filings, Court Orders, correspondence, memorandums, notes, etc. (including electronic and paper copy documents) by docket number or case caption (including the court in which the document was filed) any previous lawsuits, claims, complaints, charges, etc., that have been filed against you by any corporation, or entity."

10. In addition to Plaintiff objecting to Defendants' Interrogatory No. 19 as too vague, overbroad, and unduly burdensome and noting that any lawsuit filed against Plaintiff is public record, Plaintiff also answered, "[t]he other documents requested are protected by attorney-client privilege."

11. Defendants' Interrogatory No. 20 states, "Identify any and all documents, filings, Court Orders, correspondence, memorandums, notes, etc. (including electronic and paper copy documents) by docket number or case caption (including the court in which the document was filed) regarding any previous lawsuits, claims, complaints, charges, etc., that have been filed by you against any corporation, or entity."

12. In addition to Plaintiff objecting to Defendants' Interrogatory No. 20 as too vague, overbroad, and unduly burdensome, and noting that any lawsuit filed against Plaintiff is

public record, Plaintiff also answered, "[t]he other documents requested are protected by attorney-client privilege."

13. Plaintiff did not specify how Interrogatories No. 19 and No. 20 were vague, overbroad, or unduly burdensome.

14. Defendants' Interrogatory No. 22 states, "Identify all documents referred to or utilized in the preparation of Plaintiff's answer to Interrogatories."

15. Plaintiff answered, "Plaintiff objects to this interrogatory because this interrogatory calls for privileged information within the attorney-client privilege and attorney work product."

16. Plaintiff did not assert any other objection to Defendants' Interrogatory No. 22.

17. On September 10, 2024, counsel for Defendants requested Plaintiff produce a privilege log related to Plaintiff's claims of privilege in response to Defendants' Interrogatories Nos. 19, 20, and 22.

18. Undersigned counsel noted that because the Court ordered the Defendants to produce a privilege log for answers to Plaintiff's discovery requests that invoked the same privilege(s), it would be a misuse of the Court's time to require Defendants to file a motion for Plaintiff to produce a privilege log.

19. On September 11, 2024, counsel for Defendants renewed their request for a privilege log related to Plaintiff's Answers to Interrogatories Nos. 19, 20, and 22.

20. On September 12, 2024, Plaintiff's counsel responded via electronic mail and stated that Defendants' request for a privilege log requires the review of thousands of pages of documents and, because his is a two-person office, it is a drain on their resources. Plaintiff's counsel advised that the privilege log will be provided as soon as possible.

21. Also on September 12, 2024, counsel for Defendants reiterated that Defendants will not agree to depose Plaintiff (then scheduled on September 17, 2024) if Plaintiff does not produce a timely privilege log and/or supplemental responses that will allow Defendants sufficient time to prepare for Plaintiff's deposition.

22. Counsel for Defendants offered to depose Plaintiff on September 20, 2024, to allow Plaintiff additional time to produce the privilege log and/or supplemental discovery responses.

23. On September 13, 2024, Plaintiff's counsel stated, again, that a privilege log would be produced.

24. On September 17, 2024, Plaintiff produced Plaintiff's Supplemental Answers To Defendants' First Set Of Interrogatories Directed To Plaintiff Randy J. Spencer.

25. Plaintiff did not produce supplemental answers to Defendants' Interrogatory No. 19.

26. Plaintiff did not produce a privilege log for the documents previously identified by Plaintiff in his Answer to Interrogatory No. 19 as "[t]he other documents requested are protected by attorney-client privilege."

27. As a supplemental answer to Defendants' Interrogatory No. 20, Plaintiff answered, "Counsel for Plaintiff has not filed any case against any individual, corporation, or entity in the last two years and therefore is not in possession of any documents, filings, Court Orders, correspondence, memorandums, notes, etc.  Any filings would be public record."

28. Plaintiff did not produce a privilege log for the documents previously identified by Plaintiff in his Answer to Interrogatory No. 20 as "the other documents requested are predominately protected by attorney-client privilege."

29. Plaintiff limited his search to documents in the possession of his counsel and, it appears, did not make a good-faith effort to locate and produce documents in his possession to respond to Defendants Interrogatory No.20.

30. Plaintiff unilaterally limited his search, or the search conducted by his counsel, to two years in response to Defendants' Interrogatory No. 20.

31. As a supplemental answer to Defendants' Interrogatory No. 22, Plaintiff answered, "Counsel for Plaintiff consulted over fifty closed files and between 5,000 and 10,000 pieces of paper in order to garner the case captions and years of the cases. Many of these documents are not relevant. A lot of the documents are protected by attorney-client privilege and a privilege log will not be created. Counsel for Defendants is welcome to come to the office of the counsel for Plaintiff to review the documents in person."

32. Plaintiff refuses to provide a privilege log for documents he identified as being in his possession but that are protected by the attorney-client privilege or the work product privilege.

33. Defendants are unable to investigate Plaintiff's claim of privilege without a privilege log describing the documents in Plaintiff's possession he refuses to produce because of the asserted privilege(s).

34. Plaintiff is requesting counsel for Defendants to travel to his office to review documents he refuses to produce.

35. Plaintiff's deposition is scheduled for September 20, 2024.

36. On the morning of September 18, 2024, counsel for Defendants wrote Plaintiff's counsel in an effort to resolve the discovery dispute and requested that Plaintiff produce all

responsive documents in his possession, rather than only documents in Plaintiff's Counsel possession, and produce a privilege log for those records he has asserted a privilege.

37. Plaintiff has failed to fully respond to Interrogatories Nos. 19, 20, and 22, including his refusal to provide a privilege log.

38. Undersigned counsel did not attach the electronic correspondence exchange between counsel without the Court's permission.  However, undersigned counsel will produce copies of the electronic correspondence upon request.

39. The parties are unable to resolve these discovery issues, and undersigned counsel respectfully requests an emergency discovery conference to resolve these issues.

40. Defendants cannot conduct a thorough deposition of Plaintiff when he refuses to fully answer each interrogatory and refuses to provide Defendants with a privilege log.

41. In the alternative, counsel for Defendants respectfully request this Court to order Plaintiff to produce all non-privileged documents and a privilege log responsive to Defendants' discovery requests.

42. Counsel for Defendants also request this Court extend the deadline to conduct Plaintiff's deposition for a reasonable period following the resolution of the discovery dispute.

WHEREFORE, Defendants respectfully request that this Court issue an order 1) directing Plaintiff to produce all nonprivileged documents which are responsive to Plaintiff's First Set of Interrogatories; 2) directing Plaintiff to produce a privilege log for all documents that Plaintiff

asserts are privileged; and 3) extend the deadline for Plaintiff's deposition to be completed to an appropriate date following resolution of this discovery dispute.

          Respectfully submitted,

          **Lavery Law**

By:    /s/ Andrew W. Norfleet
       Andrew W. Norfleet
       Attorney No. 83894
       Frank J. Lavery, Jr., Esquire
       Attorney No. PA 42370
       Justin A. Zimmerman, Esquire
       Attorney No. PA 319586
       225 Market Street, Suite 304
       Harrisburg, PA 17101
       (717) 233-6633 (telephone)
       (717) 233-7003 (facsimile)
       flavery@laverylaw.com
       anorfleet@laverylaw.com
       jzimmerman@laverylaw.com
       *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I, Michelle Principato, an employee with the law firm of Lavery Law, do hereby certify that on this 18th day of September, 2024, I served a true and correct copy of the foregoing Motion via the Court's ECF System on all counsel of records.

                                        */s/ Michelle Principato*
                                        Legal Assistant