IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA, ERIE DIVISION

| | |
|---|---|
| RANDY J. SPENCER, | Docket No. 1:23-cv-00036-SPB |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| MATT MCSPARREN, BOB BETZOLD, FRED BUCKHOLTZ, REGINA DELOE, ERIC HEIL, and TOWNSHIP OF CRANBERRY | |
| Defendants. | |

**BRIEF IN SUPPORT OF
EMERGENCY MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS
AND PRIVILEGE LOGS ON BEHALF OF DEFENDANTS MCSPARREN, BETZOLD,
BUCKHOLTZ, DELOE, HEIL AND TOWNSHIP OF CRANBERRY**

And now, come the Defendants, Matt McSparren, Bob Betzold, Fred Buckholtz, Regina Deloe, Eric Heil, and the Township of Cranberry and pursuant to this Court's Text Order of September 19, 2024, file this Brief in Support of Defendants' Motion to Compel Discovery.[1]

## I.   Procedural Background[2]

---

[1] Pursuant to LCvR 5.4 (A) discovery requests and responses referenced in Fed. R. Civ. P. 5(d) shall not be filed with the office of the Clerk of Court except by order of Court. While LCvR 5.4(B) states that parties shall file only that portion of discovery requests and responses as needed to decide the motion or determine whether relief should be granted the Defendants have cited the text from the discovery in questions, and the corresponding responses thereto. Out of an abundance of caution, counsel for the Defendants have not attached the discovery in question or the correspondence between counsel cited herein. Counsel for Defendants will file any additional documents as requested by or ordered by the Court as exhibits to this brief in support.

[2] Defendants' Motion seeks to compel Plaintiff to disclose documents and to provide a privilege log. Because the Defendants believe the Court is familiar with the claims raised in Plaintiff's Complaint, the Defendants offer only minimal discussion of the underlying facts.

On February 21, 2023, Plaintiff filed an Amended Complaint against Defendants McSparren, Betzold, Buckholtz, DeLoe, Heil, and the Township of Cranberry ("Defendants" or "Moving Defendants"). (DOC. 6). Plaintiff's lawsuit alleges violations of the First, Fifth, and Fourteenth Amendments through retaliation, deprivation of the equal protection of the laws, and conspiracy to commit the same. (DOC. 6). On November 17, 2023, Defendants served their First Set of Interrogatories and their First Requests for the Production of Documents Directed to Plaintiff. On April 29, 2024, Defendants requested Plaintiff respond to their discovery requests. On July 18, 2024, Defendants again requested responses from Plaintiff to their outstanding discovery requests. Defendants also asked Plaintiff for mutually convenient dates during the week of August 5, 2024 to schedule Plaintiff's deposition. Plaintiff's counsel responded on July 18, 2024 and explained that Plaintiff filed for bankruptcy. Plaintiff's counsel further explained that he had "not been authorized to represent [Plaintiff] and [is] awaiting a court order authorizing [Plaintiff's counsel] and approving the fee arrangement."

On August 9, 2024, this Court granted a request to extend the case management deadlines. (DOC.46). Fact discovery was scheduled to end on October 9, 2024. *Id*. Plaintiff was to appear for his deposition on or before September 23, 2024. *Id.* Defendants are to appear for their depositions on or before October 4, 2024. *Id.* On August 28, 2024, the Court held a discovery conference to address Plaintiff's Motion to Compel Discovery and the Defendants' responses to Plaintiff's Motion. (See DOCS. 47-48). The Court ordered the Defendants to produce additional materials and including a privilege log by September 20, 2024. (DOC. 54).

Also on August 9, 2024, Plaintiff responded to Defendants' written discovery requests propounded on November 17, 2023. Plaintiff's discovery responses are insufficient. Plaintiff failed to fully respond to Defendants' Interrogatories 19, 20, and 22. Plaintiff relies on objections

related to the attorney-client privilege and/or the attorney work product privilege without further explanation and refused to produce a privilege log.

Counsel for the Defendants unsuccessfully conferred with Plaintiff's counsel to resolve the discovery dispute and secure sufficient responses to Defendants' written discovery requests. On September 10, 2024, counsel for Defendants requested Plaintiff produce a privilege log related to Plaintiff asserting the attorney-client privilege and/or the attorney work product privilege in response to Interrogatories Nos. 19, 20, and 22. On September 12, 2024, Plaintiff's counsel responded via electronic mail and advised counsel for the Defendants that a privilege log would be produced as soon as possible. Meanwhile, Counsel for Defendants advised Plaintiff's deposition would be held on September 20, 2024 to allow Plaintiff to produce the privilege log prior to his deposition. On September 13, 2024, Plaintiff's counsel confirmed via electronic mail, that a privilege log would be produced.

On September 17, 2024, Plaintiff produced Plaintiff's Supplemental Answers To Defendants' First Set Of Interrogatories. Plaintiff's Supplemental Answers failed to rehabilitate Plaintiff's discovery responses. Plaintiff advised counsel for the Defendants that they could review documents in Plaintiff's possession at his office. Plaintiff refused to produce a discovery log.

On September 18, 2024, counsel for the Defendants wrote Plaintiff's counsel and requested Plaintiff produce all responsive documents in his possession, in Plaintiff's possession, and to produce a privilege log. The parties were unable to resolve the discovery dispute. Because Plaintiff's deposition was scheduled for September 20, 2024, counsel for the Defendants filed an emergency motion for discovery conference and a motion to compel Plaintiff's responses. (DOC. 56). A telephonic discovery conference was held on September 19, 2024. Following the conference, the Court granted the Defendants' emergency motion requesting a discovery

conference. (DOC. 59). The Court took under advisement the Defendants' request for an order compelling Plaintiff to produce documents and a privilege log. *Id*. The Court issued a briefing schedule on the request before the Court. *Id.* The Court postponed Plaintiff's deposition and suspended the current discovery deadline pending resolution of the discovery dispute. *Id.*

## II.     Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1) parties may obtain discovery regarding any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 34 requires a party served with document requests to either produce them or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to specifically state the grounds for the objection. Fed. R. Civ. P. 34(b)(2). Rulings regarding the proper scope of discovery and the extent to which additional discovery responses may be compelled, are matters committed to the court's judgment and discretion. *Simmons v. Gilmore*, No. 2:17-cv-00996, 2019 U.S. Dist. LEXIS 141752, 2019 WL 3944325, at *1 (W.D. Pa. Aug. 21, 2019). Generally, courts afford considerable latitude in discovery to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947). The information sought need not be admissible at trial so long as the discovery request is reasonably calculated to lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978).

The moving party bears the initial burden to demonstrate the relevance of the requested information. See *Simmons*, 2019 U.S. Dist. LEXIS 141752 at *2 (quoting *Robinson v. Folino*, No. 14-227, 2016 U.S. Dist. LEXIS 120261 at *2 (W.D. Pa. Sept. 9, 2016)). Once that burden is satisfied, the burden shifts to the nonmoving party to show the discovery sought is not relevant or is otherwise inappropriate. *Id.* (See also, *Option One Mortg. Corp. v. Fitzgerald*, No. 3:07-CV-1877, 2009 U.S. Dist. LEXIS 18827, 2009 WL 648986, at *2 (M.D. Pa. Mar. 11, 2009) (citation omitted).

## III.  Legal Argument

The Defendants request Plaintiff supply complete discovery responses and produce relevant documents in his possession related to his claims against the Defendants and their defenses.  Defendants' requests seek relevant information, are reasonably calculated to lead to the discovery of admissible evidence and are proportional to the needs of the Defendants' case.  The Defendants also request Plaintiff produce a discovery log that permits them to understand the relevant documents in their possession and to test the veracity of Plaintiff's claims that relevant documents in his possession are privileged as required by Fed. R. Civ. P. 26(b)(5)(ii).[3]   Instead, Plaintiff's counsel required counsel for the Defendants to travel to his office in Erie, Pennsylvania, to review the relevant documents in his possession.

   i.   Plaintiff's Answers and Objections  to Defendants' Interrogatory No.19

Defendants' Interrogatory 19 requests Plaintiff:

---

[3] Fed. R. Civ. P. 26(b)(5)(ii) requires a party claiming privilege to (i) expressly make the claim; and(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

> "[i]dentify any and all documents, filings, court orders, correspondence, memorandums, notes, etc. (including electronic and paper copy documents) by docket number or case caption (including the court in which the document was filed) any previous lawsuits, claims, complaints, charges, etc., that have been filed against you by any corporation, or entity."

Plaintiff objected to Interrogatory No. 19 as too vague, overbroad, and unduly burdensome. Plaintiff relied on these general objections and did not explain why Interrogatory No. 19 is too vague, overbroad, or unduly burdensome. Plaintiff responded that any lawsuit filed against him is of public record and available to the Defendants, and **"[t]he other documents requested are protected by attorney-client privilege.". (Emphasis added).** Plaintiff's September 17, 2024 Supplemental Answers to Defendants First Set of Interrogatories did not address further Defendants' Interrogatory No. 19. Plaintiff's recitation that the Defendants interrogatory was too vague, overbroad, or unduly burdensome is insufficient without further explanation. (See, *Bramhall v. Delsandro*, 2024 U.S. Dist. LEXIS 136150, at * 5. (W.D. Pa. August 1, 2024).

Because the parties are in the discovery phase of this action, the Defendants request for relevant documents must be interpreted broadly. (See, *Pearson*, 211 F.3d 57, 65 (3d Cir. 2000)). Defendants seek the production of documents related to lawsuits filed against Plaintiff. Because Plaintiff alleges he is the subject of the unfair enforcement of Township ordinances in violation of his right to equal protection under the law, the request is relevant to the Plaintiff's underlying claims against the Defendants and their defense (DOC. 6). Documents in Plaintiff's possession regarding actions filed by other parties, including government entities/agencies, other municipalities, or private citizens related to the condition of Plaintiff's properties is relevant to Defendants' defenses to Plaintiff's claims, including information related to the condition of Plaintiff's properties and his unwillingness to bring those properties into compliance with regulations, statutes, and codes, including codes adopted by the Township of Cranberry ("the

Township").  For example, Defendants are aware that the Pennsylvania Department of Environmental Protection ("DEP") has been involved in litigation with Plaintiff concerning the condition of his property and items stored on his property.  The Pennsylvania Environmental Hearing Board's home-webpage lists a recent decision against Plaintiff, one of five cases brought against him.[4]  On August 13, 2024, Plaintiff was assessed a civil penalty of $65,766.68 for what the Defendants believe is related to Plaintiff's conduct that is the same or similar to his conduct Plaintiff claims resulted in the Township retaliating against him.[5]  Because Plaintiff alleges the Township is targeting him or treating him unequally, litigation brought by other government agencies, entities, municipalities or private citizens related to the condition of Plaintiff's properties is relevant to Plaintiff's underlying claims and the Defendants' position that any action(s) brought by the Township were lawful and similar to other actions regarding Plaintiff's alleged failure to bring his properties into compliance.

Plaintiff's supplemental responses include a spreadsheet of cases involving Plaintiff from 2008 through 2020.  Some of the dockets have an outcome described as "unknown."  Although some of the dockets might be available to the public, it is unlikely the relevant documents in Plaintiff's possession are available to the Defendants, including discovery responses, documents exchanged in discovery, and deposition transcripts.  Plaintiff should confirm that he identified the publicly available dockets that are responsive to the Defendants' request.  Further, the Defendants are entitled to review documents in Plaintiff's possession that are not privileged.[6]

---

[4] A docket search of the Pennsylvania Environmental Hearing Board five cases against Plaintiff as follows: 2022038 (June 7, 2022); 2019121 (October 31, 2019); 2015034 (March 12, 2015); 2012116 (June 27, 2012); 2008251 (August 12, 2008).

[5] A copy of the Environmental Hearing Boards August 13, 2024 adjudication is available at: https://ehb.pa.gov/.

Plaintiff's claim of attorney-client privilege to shield the production of "other documents" confirms Plaintiff possesses documents relevant to his claims, to the defenses set forth by the Defendants, or to future defenses. Plaintiff did not deny that he possesses relevant documents. Instead, he claims documents he possesses are shielded from production. Plaintiff did not produce a privilege log identifying or describing the documents. Although Plaintiff initially agreed to produce a privilege log, Plaintiff now refuses to do so. Therefore, the Defendants are unable to understand the relevant documents in Plaintiff's possession, the privilege asserted, or test the veracity of Plaintiff's claim of attorney-client privilege to shield the documents from the Defendants.

Defendants met their initial burden, which must be interpreted broadly, of demonstrating the relevance of documents Plaintiff acknowledges are in his possession. Plaintiff has not sufficiently explained why the request is too vague, overly broad, or burdensome. Likewise, Plaintiff failed to show why, as required by Fed. R. Civ. P. 26(b)(5)(ii), he should not be required to produce a discovery log for relevant documents in his possession which he claims are shielded by the attorney-client privilege.

    ii.    <u>Plaintiff's Answers and Objections to Defendants' Interrogatory 20.</u>

Defendants' Interrogatory No. 20 requests Plaintiff:

> "Identify any and all documents, filings, Court Orders, correspondence, memorandums, notes, etc. (including electronic and paper copy documents) by docket number or case caption (including the court in which the document was filed) regarding any previous lawsuits, claims, complaints, charges, etc., that have been filed by you against any corporation, or entity."

---

[6] Plaintiff also lists a 2019 case that appears related to a zoning offense that he lists a disposition of "guilty." Plaintiff lists a 2020 case with the same caption ("PA v. Spencer") and lists the outcome as "adverse."

Plaintiff objected to Interrogatory No. 20 as too vague, overbroad, and unduly burdensome. Plaintiff objected because any lawsuit filed against Plaintiff is public record. Plaintiff did not specify why Interrogatory No. 20 is too vague, overbroad, or unduly burdensome. Plaintiff also answered, **"[t]he other documents requested are predominantly protected by attorney-client privilege."** (Emphasis added). On September 17, 2024, Plaintiff provided a supplemental answer to Interrogatory No. 20, and stated,

> "Counsel for Plaintiff has not filed any case against any individual, corporation, or entity in the last two years and therefore is not in possession of any documents, filings, Court Orders, correspondence, memorandums, notes, etc. Any filings would be public record."

Plaintiff did not produce a privilege log for the documents identified in his Answer to Interrogatory No. 20 as "the other documents requested are predominately protected by attorney-client privilege."

The information and documents sought by Defendants are relevant to Plaintiff's underlying claims and the defenses asserted by the Defendants or their defenses. Plaintiff claims the Township is singling him out over the condition of his properties. The Defendants are entitled to know if Plaintiff has made similar unlawful enforcement and retaliation claims against others. For example, in 2010, this Court dismissed an action in which Plaintiff's parents claimed malicious prosecution under Pennsylvania state law and "retaliation against their son, Randy J. Spencer, for *his* protected speech" related to violations of the Cranberry Township Building Permit Ordinance. *Spencer v. Cranberry Twp.*, 2010 U.S. Dist. LEXIS 20581, *2 (W.D. Pa. 2010) (emphasis in original).[7] If Plaintiff possesses documents relevant to these actions, he should produce them.

---

[7] Defendants acknowledge that the 2010 lawsuit may not be responsive to Defendants' discovery requests, however, it plainly demonstrates how crucial it is for Defendants to have a full understanding of the litigation in which Plaintiff was a party.

9

The information sought by the Defendants is relevant to Plaintiff's claims the Defendants injured him. The information the Defendants seek, including supporting documents, are relevant to discover if Plaintiff made similar claims for injuries against other parties. For example, the Defendants believe that, in addition to recently filing a bankruptcy petition, Plaintiff filed at least one previous bankruptcy petition. Past bankruptcy petitions are relevant to the scope of Plaintiff's alleged injuries and the Defendants are entitled to examine nonprivileged documents in Plaintiff's possession.

Plaintiff acknowledged he possesses relevant documents that "are predominately protected by attorney-client privilege." "Predominantly protected" means Plaintiff possesses some documents not protected by the attorney-client privilege. Plaintiff likely would not assert a privilege for documents that are not relevant/responsive to discovery requests. Plaintiff refuses to produce a privilege log to allow Defendants to understand which documents are in his possession and that he asserts the privilege. Without this information, the Defendants cannot challenge the veracity of the claimed privilege. The Defendants are prejudiced by Plaintiff's wholesale withholding of documents in his possession without providing a privilege log as required by Fed. R. Civ. P. 26(b)(5)(ii).

    iii.    <u>Plaintiff's Answers and Objections to Interrogatory No. 22</u>

Defendants' Interrogatory No. 22 requests Plaintiff:

> "Identify all documents referred to or utilized in the preparation of Plaintiff's answer to Interrogatories."

Plaintiff answered:

> "Plaintiff objects to this interrogatory because this interrogatory calls for privileged information within the attorney-client privilege and attorney work product."

Plaintiff did not assert any other objections to the request. On September 17, 2024, Plaintiff supplemented his claims of privilege with:

> "Counsel for Plaintiff consulted over fifty closed files and between 5,000 and 10,000 pieces of paper in order to garner the case captions and years of the cases. **Many of these documents are not relevant. A lot of the documents are protected by attorney-client privilege and a privilege log will not be created. Counsel for Defendants is welcome to come to the office of the counsel for Plaintiff to review the documents in person.**"

Plaintiff did not raise an objection based on a privilege that shields the documents from production.[8]

The information and documents sought by the Defendants are relevant to Plaintiff's claims against the Defendants and their defenses. The Defendants requested Plaintiff provide the name, address, and contact information for all persons having any knowledge or information pertaining to the facts giving rise to this action and to provide a description of the facts and information Plaintiff knows each person possesses. (Defendants' Interrogatory No. 1). In addition to identifying the parties to this action and former Cranberry Township Supervisors, Plaintiff identified eight individuals he believes have relevant information about his claims. If Plaintiff possesses relevant documents responsive to this request, he must produce the documents. If Plaintiff possesses relevant documents he believes are protected by privileges, he must produce a privilege log to allow the Defendants to challenge the asserted privilege, if necessary. Further, the Defendants requested Plaintiff identify the individuals with whom he has discussed his claims in this action. (Defendants' Interrogatory No.4). Plaintiff responded that he does not have contemporaneous records **of all of these conversations**. (Emphasis added). If Plaintiff possesses

---

[8] In response to Defendants' request for information and documents supporting his claims that the Defendants conspired against him (Defendants' Interrogatory Nos. 15 and 16), Plaintiff answered "[t]his is an inference that logically arises from the events" (No. 15) and added, "and which will be explored in depositions."

documents regarding conversations he had with individuals regarding his claims in this action, he should produce non-privileged documents not already produced. Documents Plaintiff believes are privileged should be identified and described on a privilege log. The same is true of the Defendants' request for Plaintiff produce documents related to his claim that dozens of properties exist in the Township with similar conditions. (Defendants' Interrogatory No. 5). Plaintiff identified six individuals or business names (some names are partial names). While Plaintiff responded that he provided photographs for properties [sic] whom ownership is unknown in his initial disclosures, Plaintiff has not answered if he possessed relevant documents related to his claims. The Defendants are entitled to examine any relevant documents Plaintiff possesses related to the identified persons/properties.

   The Defendants also requested Plaintiff identify with particularity and state every fact, incident, and/or document that supports his claim that the Township filed a contempt petition against him as punishment for Plaintiff allegedly speaking out in public against the Township. (Defendants' Interrogatory No. 8). Plaintiff responded, "see Amended Complaint." Plaintiff relied on the same answer in response to the Defendants request that he identify facts and documents supporting his claim that the Defendants deprived him of his right to Equal Protection of the Law. (Defendants' Interrogatory No. 14). Any documents in Plaintiff's possession that support (or weaken) his claims of retaliation or an alleged equal protection claim are relevant, and the Defendants are entitled to examine any relevant documents Plaintiff possesses related to these claims.

   Based on his discovery responses and his claim of privilege to preclude the production of documents, Plaintiff has relevant documents in his possession. By arguing that "many of these documents are not relevant," Plaintiff admits some documents in his possession are relevant but

claims "a lot" of the documents are shielded from production by the attorney-client privilege. Plaintiff must produce the relevant documents in his possession for which he has not asserted a privilege. Plaintiff must also comply with Fed. R. Civ. P. 26(b)(5)(ii) and produce a privilege log describing the documents with enough specificity to allow the Defendants to understand which documents Plaintiff claims are privileged and, if necessary, to challenge the claim. If Plaintiff's counsel believes that there are no relevant documents that exist, he should verify the same. (See, Fed. R. Civ. P. 11(b)(3), generally).

## IV. Conclusion

For the reasons outlined in the Defendants' Emergency Motion for Discovery Conference and To Compel Plaintiff to Produce Documents and Privilege Logs, the Defendants request this Court order Plaintiff to produce all relevant, non-privileged records in his possession. Further, the Defendants request this Court order Plaintiff to produce a privilege log that identifies documents for which he asserts a privilege with sufficient specificity to allow the Defendants to understand his claim and to allow the Defendants, if necessary, to challenge the asserted claim(s) of privilege.

        Respectfully submitted,

        **Lavery Law**

By:   */s/ Andrew W. Norfleet*
      Andrew W. Norfleet
      Attorney No. 83894
      Frank J. Lavery, Jr., Esquire
      Attorney No. PA 42370
      Justin A. Zimmerman, Esquire
      Attorney No. PA 319586
      225 Market Street, Suite 304
      Harrisburg, PA 17101
      (717) 233-6633 (telephone)
      flavery@laverylaw.com
      anorfleet@laverylaw.com
      jzimmerman@laverylaw.com
      *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I, Aimee Paukovits, an employee with the law firm of Lavery Law, do hereby certify that on this 2nd day of October, 2024, I served a true and correct copy of the foregoing Brief in Support of Motion to Compel via the Court's ECF System on all counsel of records.

                                        */s/ Aimee Paukovits*
                                        Legal Assistant