IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RANDY J. SPENCER,<br>    Plaintiff<br><br>v.<br><br>MATT MCSPARREN, BOB BETZOLD,<br>FRED BUCKHOLTZ, and REGINA<br>DELOE, ERIC HEIL, and TOWNSHIP<br>OF CRANBERRY<br>    Defendants | Docket No. 1:23-cv-00036-SPB<br><br>*Electronically Filed*<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**BRIEF IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND PRIVILEGE LOGS ON BEHALF OF DEFENDANTS MCSPARREN, BETZOLD, BUCKHOLTZ, DELOE, HEIL, AND TOWNSHIP OF CRANBERRY**

NOW COMES the Plaintiff, Randy J. Spencer, by counsel and in response to the Brief in Support of Emergency Motion, et cetera, filed by Defendants, offers this Brief in Opposition.

**I.   Statement of the Case**

In this civil rights case under 42 U.S.C. § 1983, Plaintiff makes two claims:

1. That the Defendant Township and its officers retaliated against him for his exercise of his First Amendment rights when he questioned the Township's handling of a storm water permit for the Cranberry Mall, which resulted, a few days later, in an extreme Motion for Sanctions filed by the Township with no prior notice or warning (as had been the case for many years) and which sought the most extreme sanctions available, including imprisonment of the Plaintiff; and

2. That the Township singled out Plaintiff for enforcement of its Zoning and "Property Maintenance" Ordinances, targeted at Plaintiff, by interfering with his storage of non-junk automobiles parked at the Cranberry Mall by issuing a Zoning Enforcement Notice to the Mall and withdrawing it after Plaintiff was forced to move his non-junk licensed, inspected, and insured

Page **1** of **12**

cars elsewhere, while other vehicles that clearly qualified as junk remained on the Mall property, indicating that he was clearly targeted by the Township. The Township established a policy of citing other residents for similar violations and not pursuing them to conclusion, dropping them once an appeal is filed. The Township has dropped virtually every other enforcement action under its "Property Maintenance (junk car) ordinance against everyone but Plaintiff.

The Township has, for years, targeted Mr. Spencer for harsh enforcement of its ordinances. In fact, testimony under oath demonstrated that during the drafting of the "Property Maintenance" ordinance, the Code Enforcement Officer was instructed to cite Plaintiff and others under an ordinance that did not apply.

Defendants have served an extremely broad interrogatory demanding identification of Documents - "any and all documents, filings, court orders, correspondence, memorandums [sic], notes, etc. (including electronic and paper documents) by docket number or case caption (including the court in which the document was filed) any previous lawsuits, claims, complaints, charges, etc., that have been filed against you by any corporation, or entity." There is no limitation on time or subject matter in the request.[1]

This Interrogatory is overbroad, calculated to be unduly burdensome, and seeks evidence not relevant to any issue in this case. Plaintiff also objects to the Interrogatory on the grounds that any "lawsuits, claims, complaints, charges, etc." would be matters of public record equally available to the Defendant and Plaintiff has referred Defendants to those public records in accordance with F.R.C.P. 33(d)

---

[1] A review of Plaintiff's counsel's computer reveals that Mr. Spencer's folder contains 4,051 files in 296 folders. This does not include random paper files that predate the use of scanning for computer retrieval. Defendants want Plaintiff's counsel to review all of these files on the off chance that there may be something of use to them.

The discovery sought by the Defendants is not proportionate to needs of the case, seeks information not relevant to any matter at issue in this case, is calculated to be burdensome, and requests Plaintiff to search, at significant expense, for documents equally available to the Defendant.

Defendants have filed a Motion to Compel compliance with this overbroad and burdensome request, likely more as an effort to "put Plaintiff through his paces" than to find information that has any bearing on the matters at issue in this case. Defendants have not articulated any particular need for these documents and have not articulated a reasonable purpose for the breadth of the request.

Since the discovery requested is not relevant, is disproportionate and unduly burdensome, and is equally available to the Defendants as the Plaintiff, Defendants' Request to Compel Plaintiff to respond to Defendants' Interrogatory No. 19, 20, and 22 should be denied.

In attempting, in good faith, to respond to Defendants' discovery request, Plaintiff's counsel's staff reviewed 5,000 to 10,000 pages of documents. Aside from publicly filed pleadings, rules, and orders, the documents constitute work product or are privileged under the attorney-client privilege and need not be produced.[2] There is no basis to determine what non-privileged documents would be responsive to the request.

## II.   Issues Presented:

1. Have Defendants met their initial burden of showing the requested discovery is relevant? (Suggested answer in the negative.)

---

[2] Defendant repeatedly claims that Plaintiff's objections are limited to the request being "too vague, overbroad, and unduly burdensome" and thus not to relevance, it should be noted that relevance cannot be established in the absence of a fuller description of the documents sought. A party seeking to compel discovery must make an initial showing of relevance.

2. Is Defendants' discovery request unduly burdensome when the relevant documents may be obtained from the public record with equal effort by Defendants and Plaintiff? (Suggested answer in the affirmative.)

### III.   Argument:

F.R.Civ.P. §26(b)(2) states, *inter alia*: "

(b) Discovery Scope and Limits.

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any **nonprivileged matte**r that is **relevant to any party's claim or defense** and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. (emphasis added)

The party moving to compel bears "the initial burden of showing that the requested discovery is relevant." *Saller v. QVC, Inc.,* No. CV 15-2279, 2016 WL 4063411 at *3)(E.D. Pa.July 29, 2016) and F.R.C.P. 26(b)(1) ("parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). *Morrison v. Phila. Hous. Auth.,* 203 F.R.D. 195, 196(E.D. Pa. 2001). Thus, before considering Defendants' Motion to Compel, the Court must satisfy itself that the discovery sought is relevant. It is not. The discovery request seeks "any and all documents…" with no description of the substance of the documents sought, and no statement of connection to any issue in this case. In their Motion to Compel, Defendants fail to connect "any and all" documents to any issue in this case.

Defendants seek documents going back to the beginning of Plaintiff's life and any case in which he may have been involved. Cases involving Plaintiff and private individuals or businesses bear no relevance to any issue in this § 1983 case, which is

claiming the Township abused its powers, and had a policy of doing so, in order to punish the Plaintiff and to retaliate against him for exercising his First Amendment rights. The defense, in its Brief, fails to offer any rationale for seeking "any and all documents" related to lawsuits filed against Plaintiff. It is not limited to lawsuits filed against the Plaintiff by a Township or government authority or entity, but rather seeks documents relating to private litigation.

Further, while the Defendants remain insistent that their production of documents should be limited to that last two years (which does not cover the matters occurring before the initiation of this suit, or matters occurring within the statute of limitations, let alone matters establishing the Township's policy and course of conduct), and does not accurately reflect this Court's order, it wants Plaintiff to produce documents filed by *his parents,* years ago.

Defendants allege that they are aware of litigation between the Pennsylvania Department of Environmental Protection and Plaintiff. All relevant documents and pleadings are on the Pennsylvania Environmental Hearing Board's webpage. This would include any documents (which do not exist) claiming discriminatory enforcement against Plaintiff. Documents not filed on the record would constitute work product and neither Plaintiff, nor counsel, is aware of any responsive documents that were not created either by the Plaintiff to communicate with counsel or by counsel to formulate his defense to that case. Further, Plaintiff has not alleged any equal protection violation against any government agency other than the Township.

The vast bulk of litigation in which Plaintiff has been involved in his life is litigation between the Township and himself. The Township would, thus, have access to

all filed documents and has not demonstrated an entitlement to Plaintiff's counsel's work product or Plaintiff's communications with counsel in connection with those cases. Plaintiff has already provided all relevant transcripts in his possession. This is the first case in which the parties have been able to engage in any substantial discovery and, therefore, there would not be any other discovery documents available. Further, since the litigation in question involved the Township, it should check its own records.

Plaintiff would be willing to examine designated files for non-privileged documents not constituting work product. There is no reason to believe that any relevant documents will be found that are not in these two categories that are not already on the public record or provided with Plaintiff's Initial Disclosures. It may be that the Defendants want to "gotcha" the Plaintiff at trial by offering documents that may not be produced through inadvertence or because copies are no longer in Plaintiff's possession or that have nothing to do with any issue in this case. The Court, in its discretion, should not enable Defendants to lay such a trap by enforcing the "any and all" demand without any time limit or subject matter designation.

While it is true that the Court required Defendants to provide a privilege log, sharply limiting the scope of the request, and Defendants have submitted a privilege log, it is limited to six pages and covers a limited time period, not designating the matters to which the documents apply. Despite numerous requests to Defendants to narrow the scope of the Defendants' request, Attorney Norfleet has steadfastly refused to do so.

Defendants offer no facts to substantiate their assertion that review of these materials "may" disclose relevant information. By this statement, Defendants admit that

they are merely on a fishing expedition and are not seeking any identifiable relevant documents.

As indicated in his response, Plaintiff has also offered to make the documents available for inspection. Plaintiff would reserve the right to designated privileged documents during the inspection and will be glad to provide copies of any non-privileged documents to the Defendants for a reasonable charge. Defendants object to this, claiming that it supports their objection that Plaintiff must be put through the trouble of sorting through thousands of pages of likely irrelevant documents to produce nothing that would be expected to be relevant. Defendants complain that Plaintiff's assertion of privilege "confirms Plaintiff possesses documents relevant to his claims, to the defenses set forth by Defendants, or to future defenses." Defendants complain that "Plaintiff did not deny that he possess relevant documents."

Defendants are being clever by posing these document requests in the form of interrogatories, since document requests are limited to "designated documents." F.R.C.P.34(a)(1)(A). Apparently, Defendants are trying to end-run the Rule 34 requirement of "designation" by framing their document request as an interrogatory. The court should not reward this.

"The Federal Rules of Civil Procedure do not impose a duty upon litigants to examine every scrap of paper in its potentially voluminous files in order to comply with its discovery obligations. Instead, the party must conduct a diligent search, which involves developing a reasonably comprehensive search strategy." Velocity Press, Inc. v. Key Bank, Civ. A. No. 09-520, 2011 U.S. Dist. LEXIS 45249, 2011 WL 1584720, at *3 (D. Utah Apr. 26, 2011) (citing Treppel v. Biovail Corp., 233 F.R.D. 363, 374

(S.D.N.Y.2006)). Here, Defendants have not given a sufficient description of the documents sought to enable a practical search. They should be ordered to narrow the request so that a reasonable search can be conducted.

In *Winn-Dixie Stores, Inc. v. Eastern Mushroom Mktg. Coop.*, United States District Court for the Eastern District of Pennsylvania June 29, 2020 Civil Action No. 15-6480, Judge Berle Schiller of the Eastern District held that a Motion to Compel would be denied where the Requesting Party had not demonstrated that the opposing party's search was unreasonable. The burden is on the requesting party to show that the responding party's search was not reasonable. Plaintiff states that the search could not be conducted due to the overbreadth of the request.

Plaintiff may possess some documents that might be responsive. However, if Plaintiff does have possession of relevant documents, he cannot conduct a reasonable search because he cannot determine whether a document may be relevant since no description of the document sought is provided. Plaintiff has offered to permit Defendant to examine thousands of pages of documents if they want to.

> "Federal courts have broad discretion in managing discovery. Alexander v. Roadway Express, Inc., No. 08-4591, 2009 U.S. Dist. LEXIS 24817, 2009 WL 793022, at *2 (E.D. Pa. Mar. 24, 2009) (citing Sempier v. Johnson, 45 F.3d 724, 734 (3d Cir. 1995)). And while it is well recognized that the Federal Rules permit broad and liberal discovery, it is not without limits. Id. (citing Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999)); Huertas v. Beard, No. 1:10-cv-10, 2012 U.S. Dist. LEXIS 105619, 2012 WL 3096430, at *2 (W.D. Pa. July 30, 2012)). "Discovery will not be permitted where the request is made in bad faith, is unduly burdensome, is irrelevant to the subject matter at hand, or relates to confidential or privileged information." Huertas, 2012 U.S. Dist. LEXIS 105619, 2012 WL 3096430, at *2. The party objecting to discovery has the burden of demonstrating in specific terms why a particular discovery request is improper. Id. "The objecting party must show that the requested materials do not fall 'within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned [*6] by discovery would outweigh the ordinary

> presumption in favor of broad disclosure. . . .'" Id. (quoting Bailey v. McMahon, No. 1:cv-07-2238, 2012 U.S. Dist. LEXIS 52211, 2012 WL 1246147, at *5 (M.D. Pa. April 12, 2012)); see also Alexander, 2009 U.S. Dist. LEXIS 24817, 2009 WL 793022, at *2 ("the party asserting that the [discovery] request is irrelevant or unduly burdensome must show specifically how the request is burdensome, oppressive or irrelevant") (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). The scope of discovery, however, may be circumscribed and should not serve as a fishing expedition. Bayer AG v. Betachem, Inc., 173 F.3d 188, 189 (3d Cir. 1999)."
>
> *Profit Point Tax Techs, Inc. v. DPAD Grp, LLP,* 2020 U.S. Dist. LEXIS 255667 (W.D. Pa., 5/29/2020, Civ No. 19-968)

In this case, Plaintiff has demonstrated that the discovery request is improper. Many courts have held that the "any and all" request is overbroad, as in this case; courts do not permit so-called "fishing expeditions," which is what this request appears to be. Plaintiff has met his burden of demonstrating that the requests are objectionable by explaining that the lack of a time boundary, failure to designate subject matter, and the fact that many of the documents requested are public records equally available to both parties supports his objection. Defendants, on the other hand, want to maintain the ridiculously overbroad requests to overburden Plaintiff and to go on nothing more than a fishing expedition. The only justification stated for Defendants' demand is "Because the Court instructed Defendants to produce a privilege log, we are requesting the same from Plaintiff."

Were Defendants willing to narrow or qualify their requests, Plaintiff could make a good faith effort to respond. Defendants claim to have met their initial burden, but they have not, since the request is not limited in any way to documents relevant to the case.

With regard to Interrogatory No. 20, (which is essentially a request for production of documents) Plaintiff is requested to "identify any and all documents, filings, court orders, correspondence, memorandums [sic], notes, etc. ..." filed with any court. Again, this request is unduly burdensome since any responsive documents would be in the public record and equally available to Defendants as to Plaintiff. It is clearly calculated to impose an unnecessary burden on the Plaintiff and is not limited to relevant documents. While Defendants recite, repeatedly, that the information and documents sought are "relevant to Plaintiff's underlying claims and the defenses asserted by the Defendants or their defenses," they fail to describe the relevance. The requests are not by their terms limited in any way that would restrict them to relevant information. Defendants continue to assert that the ridiculously overbroad requests are somehow relevant without noting any particular claim or defense to which the Interrogatory might be relevant.

To the extent "the Defendants are entitled to know if Plaintiff has made similar unlawful enforcement and retaliation claims against others..." that was not the focus of the Interrogatory. Should Defendants care to know whether Plaintiff has made similar unlawful enforcement and retaliation claims against others, it could simply put that in an interrogatory which would be manageable for Plaintiff to respond to. Defendants reference a 2010 case in which *Plaintiff's parents* claimed malicious prosecution against them in retaliation against their son for his protected speech. Obviously, Defendants are in possession of these documents and have no good explanation as to why Plaintiff should be required to produce them.

Defendants again demand that Plaintiff review thousands of pages of documents to find which constitute work product or attorney-client privileged information to find any documents that may not be protected. Again, Defendants seek to force Plaintiff to generate a privilege log regarding documents which have no conceivable relevance to this case for no reason other than the Court required them to.

With regard to Interrogatory No. 22, Plaintiff has answered it and, in accordance with F.R.C.P. 26, offered to make the documents available for review. This is not satisfactory to the Defendants, who want to impose an unreasonable burden on Plaintiff's counsel and his staff to review thousands of pages of plainly irrelevant documents and determine what documents Defendants might be interested in.

These matters would best be addressed in deposition rather than in overburdensome discovery requests. Plaintiff notes that if the Defendants narrow the issues in their Interrogatories, further information can be provided. But since Defendants have not, in this Motion, requested the production of any documents, only its identification, they may seek identification from the Plaintiff.

## IV. Conclusion

Defendants' Interrogatories are wildly overbroad and appear to be calculated to impose an unreasonable burden on the Plaintiff. They are couched in the widest possible terms, and despite discussion between the parties, Defendants have abjectly refused to narrow them or make them more specific. While Defendants may want to examine, at its clients' expense, thousands of documents not relevant to the case, Plaintiff should not be forced to support Defendants' gambit by wasting his resources. All of the matters sought

in the Interrogatories can be covered in deposition at which point Defendants might narrow their inquiries to the point where response would be possible.

Plaintiff has met his burden of demonstrating that the discovery requested is overbroad, and that production of it will be unduly burdensome. Defendants, on the other hand, have not demonstrated a need for the requested discovery, refused to narrow their requests, and have not demonstrated that the discovery sought is either relevant or proportional to the needs of the case.

Defendants' Motion to Compel should be denied, or they should be directed to narrow their requests with identification of the matter involved and under a limited time period so that relevant matters can be identified and responsive answers provided.

          Respectfully submitted,

          MCNAIR LAW OFFICES, PLLC


          By: */s/ Timothy D. McNair*
          Timothy D. McNair, Esquire
          Attorney for Plaintiff
          Pa. ID#34304
          821 State Street
          Erie, PA 16501
          (814) 452-0700
          (814) 454-2371
          tmcnair@mcnairlaw.com