## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDY J. SPENCER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:23-cv-36** |
| **v.** | ) | |
| | ) | |
| **MATT McSPARREN,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

**Susan Paradise Baxter, United States District Judge**

Pending before the Court in the above-captioned case is the Defendants' motion to compel the production of certain discovery as well as a privilege log. ECF No. [56]. For the reasons set forth below, Defendants' motion will be granted in part and denied in part.

## I.    INTRODUCTION

Plaintiff Randy J. Spencer ("Spencer") is a resident of Cranberry Township who has sued the Township, its Supervisors, its Manager, and its Zoning and Code Enforcement Officer ("Defendants") for alleged violations of his constitutional rights. By his own admission, Spencer has been involved in various disputes with the Township concerning the maintenance of used motor vehicles on his property. See ECF No. 6, ¶13. He contends that, "for years" he has been "singled out for the harshest enforcement of Township ordinances." *Id.* In his operative pleading, Spencer claims the Defendant violated and conspired to violate his rights under the First and Fourteenth Amendments. He avers that, after he spoke adversely about Township officials during a town hall meeting, the Defendants unlawfully retaliated by filing a contempt petition against him relating to a prior injunction. He further avers that the Defendants violated

1

his equal protection rights and substantive due process rights by targeting him with selective enforcement of local ordinances.

During discovery, Defendants served a number of interrogatories on Spencer. Three of the interrogatories are at issue here.

The first is Interrogatory No. 19, which asks Spencer to "[i]dentify any and all documents, filings, Court Orders, correspondence, memorandums, notes, etc. (including electronic and paper copy documents) by docket number or case caption (including the court in which the document was filed) [regarding] any previous lawsuits, claims, complaints, charges, etc., that have been filed *against you* by any corporation, or entity." ECF No. 56, ¶9 (emphasis added). Spencer objected to this interrogatory as too vague, overbroad, and unduly burdensome. *Id.* at ¶10. He asserted that any lawsuit filed against him is a matter of public record and further argued that "[t]he other documents requested are protected by attorney-client privilege." *Id.*

Interrogatory No. 20 asks Spencer to, "[i]dentify any and all documents, filings, Court Orders, correspondence, memorandums, notes, etc. (including electronic and paper copy documents) by docket number or case caption (including the court in which the document was filed) regarding any previous lawsuits, claims, complaints, charges, etc., that have been filed *by you* against any corporation, or entity." ECF No. 56, ¶11 (emphasis added). Spencer answered this interrogatory in a similar fashion, objecting that the question was too vague, overbroad, and unduly burdensome, stating that the referenced lawsuits were matters of public record, and asserting that "[t]he other documents requested are protected by attorney-client privilege." *Id.* at ¶12.

Interrogatory No. 22 requested that Spencer "[i]dentify all documents referred to or utilized in the preparation of Plaintiff's answer to Interrogatories." ECF No. 56 at ¶14. Spencer

objected to this interrogatory on the grounds that the interrogatory "calls for privileged information within the attorney-client privilege and attorney work product." *Id.* at ¶15.

The Court held a telephonic hearing on Defendants' motion to compel and ordered further briefing on the matter. Both sides have filed their respective memoranda, making the matter ripe for disposition. *See* ECF Nos. 60, 63.

## II.    GOVERNING LEGAL STANDARDS

"Unless otherwise limited by court order," the general scope of discovery under Rule 26 of the Federal Rules of Civil Procedure is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. . . .

Fed. R. Civ. P. 26(b)(1).

Under Rule 37, a party may seek a court order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party moving to compel discovery bears the initial burden of proving the relevance of the requested information." *Shnipes v. Shapiro*, No. 3:22-CV-00196, 2025 WL 1908734, at *2 (M.D. Pa. July 10, 2025) (citing *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001)). Relevant information need not be admissible in evidence so long as the discovery request is reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary

presumption in favor of broad disclosure.'" *Prime Energy & Chem., LLC v. Tucker Arensber P.C.,* No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.,* 261 F.R.D. 570, 573 (D. Kan. 2009)); *see Shnipes,* 2025 WL 1908734, at *2.

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Although the federal courts have adopted liberal discovery rules, district courts, nevertheless, are empowered with 'broad discretion to manage discovery.'" *Thompson v. Glenmede Tr. Co.,* No. CIV. A. 92-5233, 1995 WL 752422, at *2 (E.D. Pa. Dec. 19, 1995) (quoting *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995)).

## III.    ANALYSIS

Defendants' Interrogatories 19 and 20 are framed as requests to identify "any and all documents, filings, Court Orders, correspondence, memorandums, notes, etc." regarding "any previous lawsuits, claims, complaints, charges, etc." that have been filed either by or against Spencer.  Stated differently, the interrogatory appears to ask that Spencer identify (by reference to docket number or case caption) every piece of electronic or paper documentation that is related to a prior administrative and/or judicial proceeding in which Spencer was involved.

Interrogatory No. 19

As for lawsuits or other proceedings filed by others *against Spencer* (*i.e.*, Interrogatory

No. 19), Defendants apparently seek "information related to the condition of Plaintiff's

properties and his unwillingness to bring those properties into compliance with regulations,

statutes, and codes, including codes adopted by the Township of Cranberry . . . ." ECF No. 60 at

6. Defendants explain that, "[b]ecause Plaintiff alleges the Township is targeting him or treating

him unequally, litigation brought by other government agencies, entities, municipalities or

private citizens related to the condition of Plaintiff's properties is relevant to Plaintiff's

underlying claims and the Defendants' position that any action(s) brought by the Township were

lawful and similar to other actions regarding Plaintiff's alleged failure to bring his properties into

compliance." *Id.* at 7. By way of example, Defendants note that the Pennsylvania Department

of Environmental Protection has apparently filed at least five cases against Spencer and, in one

case, assessed a civil penalty based on conduct that Defendants believe is the same or similar to

conduct at issue in this civil action. While Defendants concede that "some of the dockets might

be available to the public," they argue "it is unlikely the relevant documents in Plaintiff's

possession are available to the Defendants, including discovery responses, documents exchanged

in discovery, and deposition transcripts." *Id.* They posit that Spencer "should confirm that he

identified the publicly available dockets that are responsive to the Defendants' request." *Id.* In

addition, Defendants insist that they are "entitled to review documents in Plaintiff's possession

that are not privileged." *Id.* As for any relevant documents that may fall under the attorney-

client or work product privileges, Defendants contend that Spencer should be compelled to

produce a privilege log. *Id.* at 8.

Initially, the Court notes that, while Defendants served discovery requests styled as

interrogatories, what they are actually seeking is the production of documents.[1]  Importantly, "a 'party must first prove that it sought discovery in the manner required by the rules of procedure' before it can 'succeed on a motion to compel discovery.'"  *Three Bros. Supermarket Inc. v. United States*, No. 2:19-CV-02003-KSM, 2020 WL 5231575, at *3 (E.D. Pa. Sept. 1, 2020) (quoting *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 360 (3d Cir. 2003)); *see* Fed. R. Civ. P. 37(3)(B)(iv) (a party may move to compel the production of documents only after the opposing party fails to produce them in response to a request under Federal Rule of Civil Procedure 34).  Here, Defendants did not seek the production of documents as contemplated by Rule 34 and so, for this reason alone, any request to compel the production of documents outlined in Interrogatory No. 19 must be denied.  *See Three Bros. Supermarket Inc.*, 2020 WL 5231575, at *3 ("Because the Plaintiffs have not sought documents from the Government under Rule 34, their motion to compel the production of documents in response to Interrogatory No. 4(B) is improper and will be denied."); *see also Saliga v. Chemtura Corp.*, No. 3:12cv832 (RNC), 2013 WL 6247219, at *1 n.5 (D. Conn. Nov. 26, 2013) ("To the extent that the plaintiff includes a request for documents in addition to written response [in the interrogatories], such a request is improper. Fed. R. Civ. P. 34 is the procedural vehicle by which to request production of documents.").

Even if the Defendants' request had been propounded as a formal request for documents under Rule 34, the Court would find it objectionable in certain respects.  While Defendants now frame their discovery request in terms of "litigation brought by other government agencies,

---

[1] *See* ECF No. 56 at 6 (Defendants requesting a court order "directing Plaintiff to produce all nonprivileged documents which are responsive to Plaintiff's First Set of Interrogatories," along with a privilege log; ECF No. 56-3 (Defendants' proposed court order directing same); ECF No. 60 at 5 ("The Defendants request Plaintiff supply complete discovery responses and produce relevant documents in his possession related to his claims against the Defendants and their defenses."); *id.* at 6 ("Because the parties are in the discovery phase of this action, the Defendants['] request for relevant documents must be interpreted broadly."); *id.* ("Defendants seek the production of documents related to lawsuits filed against Plaintiff").

entities, municipalities or private citizens related to the condition of Plaintiff's properties," ECF No. 60 at 7, the language of Interrogatory No. 19 is not so limited and appears to relate to any type of litigation during an unlimited time frame. As such, the Interrogatory is overbroad.

Nevertheless, the Court agrees that litigation brought by other government agencies, municipalities, or private parties related to the condition of Spencer's properties may have some relevance to this case, particularly as it bears on the Defendants' alleged retaliatory intent and/or the alleged arbitrariness of their regulatory actions. Notably, it appears from Defendants' brief that Spencer has already supplied a spreadsheet of cases in which had has been involved from 2008 through 2020. *See* ECF No. 60 at 7. Defendants assert that

> [a]lthough some of the dockets might be available to the public, it is unlikely the relevant documents in Plaintiff's possession are available to the Defendants, including discovery responses, documents exchanged in discovery, and deposition transcripts. Plaintiff should confirm that he identified the publicly available dockets that are responsive to the Defendants' request. Further, the Defendants are entitled to review documents in Plaintiff's possession that are not privileged.

Id.

To the extent Defendants want Plaintiff to confirm that he has identified the publicly available dockets that are responsive to their request, the Court will grant Defendants' motion. Accordingly, the Court will direct Plaintiff to affirm the accuracy and completeness of his disclosures as they related to identifying "any previous lawsuits, claims, complaints, charges" or other litigation that has been brought against him related to the condition of his properties. To the extent Plaintiff has not done so, the Court will order him to supplement his disclosure so that Defendants at least have some idea of the body of prior administrative or judicial cases that may be relevant to this civil action.

To the extent Defendants seek documents that are already in the public record, such as charging documents or dispositive rulings, it will be Defendants' burden to attempt to secure that information in the first instance. To the extent Defendants seek to obtain litigation documents

that are *not* part of the public record, such as discovery requests and responses, deposition transcripts, and the like, they must do so by propounding formal requests for the production of those documents, consistent with Rule 34. Accordingly, that aspect of Defendants' motion to compel will be denied without prejudice.

Insofar as Defendants seek litigation-related documents beyond what is in the public record and/or beyond that which constitutes formal discovery material, the Court finds that they have not met their *prima facie* burden of articulating the relevancy of such additional information. Because any potentially useful and non-privileged information is likely to be contained in the official pleadings, adjudicated rulings, and/or exchange of discovery, Defendants' request for additional litigation-related information appears to be disproportionate to the needs of the case. Consequently, that aspect of their motion will be denied.

<u>Interrogatory No. 20</u>

As for lawsuits or other proceedings filed *by Spencer* against others, Defendants insist that the "information and documents sought" are relevant to their defenses as well as Spencer's underlying claims. ECF No. 60 at 9. They argue that "Plaintiff claims the Township is singling him out over the condition of his properties. The Defendants are entitled to know if Plaintiff has made similar unlawful enforcement and retaliation claims against others." *Id.*

As with Interrogatory No. 19, the Defendants cannot seek to compel the production of *documents* in response to Interrogatory No. 20. Regardless, any relevant, non-privileged documentation pertaining to past complaints or claims that Spencer has asserted against the Defendants should be within the Defendants' possession and as easily accessible to them as to Spencer.

To the extent Defendants seek documentation relating to Spencer's prior claims (if any)

of selective enforcement and/or retaliation against other third parties, the Court has difficulty

seeing how this information is reasonably calculated to lead to the discovery of admissible

evidence. Although Defendants insist they are entitled to disclosure of this information, they do

not explain how such information informs any of the claims or defenses that have been asserted

in this case.[2] Spencer's past lawsuits do not necessarily bear on his credibility, and they cannot

generally be used simply to prove that he has a litigious character. *See* Fed. R. Evid. 404(a) and

(b)(1); *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) ("The charge of

litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless

the previous claims made by the party are shown to have been fraudulent.") (citing McCormick

on Evidence §196 at 578–81 (3d ed. 1984) and 3A J. Wigmore, Evidence §§ 963, 981

(Chadbourn rev. 1970)). Nor have Defendants articulated any permissible use of such

information under Federal Rule of Evidence 404(b)(2). While the Court recognizes that

discoverable information need not be admissible in evidence and that Rule 26(b) favors a broad

approach to discovery, still the Court cannot say that information about Spencer's prior lawsuits

against other third parties is reasonably calculated to lead to the discovery of admissible evidence

or that it is proportional to the needs of this case.

     Defendants also note that Spencer has a history of one or more bankruptcy proceedings,

and they posit that his "past bankruptcy petitions are relevant to the scope of [his] alleged

---

[2] To establish unlawful retaliation, Spencer must prove that he engaged in constitutionally protected speech or conduct and that Defendants undertook adverse action against him that was causally related to his protected activity. *See Conard v. Pa. State Police*, 902 F.3d 178, 183 (3d Cir. 2018). If Spencer establishes these elements, Defendants can still prevail by proving that they would have taken the same adverse action irrespective of any protected speech or conduct. *See Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000).

  To state a claim for selective enforcement, "a plaintiff must establish (1) that other similarly situated violators of [an] ordinance or law were treated differently, and (2) that this disparate treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor." *See Goodall-Gaillard v. N.J. Dep't of Corr.*, 625 F. App'x 123, 127 (3d Cir. 2015) (internal quotations omitted).

injuries . . . ." *Id.* at 10.  The Court agrees that this type of information is arguably relevant and reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, the Court will grant Defendants' motion to the extent that it will direct Spencer to affirm that his spreadsheet disclosing past litigation includes all prior bankruptcy proceedings.  To the extent the spreadsheet does not include this information, the Court will direct Spencer to supplement his previous disclosures.

Beyond this, the Court will, again, require Defendants to obtain from the public docket those materials that have been filed of record.  Inasmuch as Defendants have not articulated a need for any non-public information related to Spencer's prior bankruptcy petitions, this aspect of their motion will be denied.

Interrogatory No. 22

Finally, in Interrogatory No. 22, Defendants requested that Spencer "[i]dentify all documents referred to or utilized in the preparation of Plaintiff's answer to Interrogatories."  ECF No. 56 at ¶14.  Spencer contends that the request is overly burdensome, and this Court agrees.  Defendants may pursue this line of inquiry during Plaintiff's deposition or choose to review the documents Plaintiff has offered to make available for inspection.  However, the interrogatory, as stated, is overly broad and unduly burdensome.  Consequently, Defendants' motion to compel will be denied as to Interrogatory Number 22.

## IV.    CONCLUSION

For the reasons discussed above, Defendants' motion to compel will be granted in part as stated herein and otherwise denied.

An appropriate Order follows.

10

Susan Paradise Baxter
U.S. District Judge